FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC -9 PM 4: 21

Paul D. Stockler, Esq.
LAW OFFICES OF PAUL D. STOCKLER
1309 West 16th Avenue
Anchorage, AK 99501
(907) 277-8564 • FAX (907) 272-4877
Alaska Bar No.: 8606032

Attorney for Defendant,
NAUTILUS INSURANCE GROUP d/b/a Great Divide Insurance Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

ELLSWORTH ALEXANDER JAMES,        )
                                  )
         Plaintiff,               )
                                  )
vs.                               )
                                  )
THE SALVATION ARMY CHURCH,        )
WESTERN TERRITORIES,              )
GALLAGHER BASSET SERVICES,        )
INC., NAUTILUS INSURANCE GROUP,   )
d/b/a GREAT DIVIDE INSURANCE      )
COMPANY.                          )
                                  )
         Defendants.              )
_____ )   CASE NO.: K05-0007-CV (JWS)

**MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (Fed.R.Civ.P. 12(b)(6)).**

COMES NOW, Defendant, Nautilus Insurance Group d/b/a Great Divide Insurance Company, through its attorney, Law Office of Paul D. Stockler, and files this motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted (F.R.C.P. 12(b)(6)).

This motion is supported by the following memorandum of points and authorities and upon the records of files of the court of which this court may take judicial notice. An appropriate order accompanies this motion.

MOTION TO DISMISS
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 1 of 15

## I. INTRODUCTION/ PRELIMINARY STATEMENT

Plaintiff, Ellsworth Alexander James, has filed a complaint alleging four (4) claims for relief against moving defendant Nautilus Insurance Group d/b/a Great Divide Insurance Company and defendants, The Salvation Army Church, Western Territories and Gallagher Bassett Services, Inc. Those claims for relief include (1) Tortious Interference with Economic Relations; (2) Special Harm (Intentional Infliction of Emotional, Health and Economic Damages); (3) Defamation and Libel; and (4) Civil Conspiracy.

As best as can be gleaned from the rambling recitations of the complaint, plaintiff appears to be alleging that he was employed as the Executive Director of the "Avenues to Recovery" substance abuse program in Wrangell, Alaska. (Complaint, p. 2, lines 8-10; p. 6, lines 19-23). After having accepted the position and having incurred various debts in reliance on his continued employment with "Avenues to Recovery," including the purchase of a house, "plaintiff was coerced by Salvation Army Captain Gary Hegre into resigning his position at the Avenues organization on or about the 14th of November of 2003." (Complaint, p. 6, lines 24-25). Hegre was a full time representative of the Salvation Army and President of the Avenues to Recovery Board of governance. (Complaint, p. 7, lines 10-15). There was some sort of "collaborative operations agreement" between Avenues to Recovery and the Salvation Army. (Complaint, p. 7, lines 10-15). Liberally construing the allegations of the complaint, it appears plaintiff is attributing liability for Hegre's acts to both the Salvation

Law Office of Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

**MOTION TO DISMISS**
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 2 of 15

Army and "Avenues to Recovery" (or, rather, Avenues' insurer Nautilus Insurance Group).

After plaintiff resigned his position with Avenues, plaintiff obtained employment with Wrangell Wellness, a nonprofit charity, as its managing director. (Complaint, pp. 5-6). Captain Hegre allegedly made various defamatory statements to persons within the community. These slanderous statements include Hegre's statement that "plaintiff was fired under questionable circumstances." (Complaint, p. 7). Hegre also referred to plaintiff as "a criminal and said that the plaintiff reminded him of other criminals he worked with in the penitentiary." (Complaint, p. 8). Hegre also made certain other unspecified personal and professional attacks on plaintiff's reputation. (Complaint, p. 9). Plaintiff claims these remarks interfered with his job duties at Wrangell Wellness (Complaint, p. 2), has damaged his professional reputation (Complaint, p. 2), has affected his income, caused him emotional distress, and has even caused him to suffer a "regular, irregular heart rhythm" and various other health problems (Complaint, p. 10). Plaintiff has been emotionally and financially damaged. He may be unable to qualify for life insurance (Complaint, p. 10) and since his income has been affected by defendant's wrongful acts, he may not be able to make the final balloon payment on his house in January, 2006 (Complaint, p. 4). His income has decreased from approximately $55,000 to about $10,000 per year, he has consequently been unable to pay for heating oil, propane and food and has been unable to register his vehicle, purchase fuel or insurance, etc. (Complaint, pp. 1-4). Plaintiff seeks actual damages

**MOTION TO DISMISS**
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 3 of 15

Law Office of Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

in excess of one million dollars ($1,000,000) as well as punitive damages exceeding one million dollars ($1,000,000).

The specifics of plaintiff's claims for relief and alleged damages will need to be ascertained through discovery but, for the reasons stated herein, defendant Nautilus Insurance Group, should not be a participant in that process. Nautilus Insurance Group is entitled to dismissal as a matter of law.

Plaintiff's complaint fails to state a claim for relief against Nautilus because Alaska law prohibits a "direct action" against the insurer of an alleged tortfeasor. As discussed below, plaintiff's only theory of recovery against this moving party is that Nautilus Insurance Group "assumes responsibility for the claim against their insured" because the "Avenues to Recovery organization has merged with another organization and its non profit charter has been dissolved." (Complaint, p. 4, lines 10-13). There are no allegations that Nautilus Insurance Group breached any duty owed to plaintiff and/or committed any wrongful act on its own behalf. According to the complaint, Nautilus liability is wholly derivative through its insured. Plaintiff's complaint is a prohibited direct action against an insurance company and should be dismissed.

## II. STANDARD FOR RULING ON A F.R.C.P. RULE 12(b)(6) MOTION

Fed.R.Civ.P. 12(b)(6) authorizes a motion to dismiss the complaint for failure to state a claim upon which relief can be granted prior to the filing of an answer or other responsive pleading.

In determining the motion, the court must presume all factual allegations of the complaint to be true and in favor of the non-moving party. Miree v. DeKalb County,

MOTION TO DISMISS
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 4 of 15

433 U.S. 25, 97 S. Ct. 2490, 53 L.Ed.2d 557 (1977); <u>Western Mining Council v. Watt</u>, 643 F.2d 618 (9th Cir. 1981), <u>cert denied</u>, 454 U.S. 1031, 102 S. Ct. 566, 70 L.Ed.2d 474 (1981). However, legal conclusions, deductions or opinions couched as factual allegations are not given a presumption of truthfulness. <u>Western Mining Council v. Watt</u>, supra, (dismissal was proper since plaintiff's interpretation of a federal statute is a conclusion not to be presumed true). Conclusory allegations and unwarranted deductions of fact are not accepted as true. <u>Associated Builders, Inc. V. Alabama Power Co.</u>, 505 F.2d 97, 100 (5th Cir. 1974).

### III. DISCUSSION

**A. <u>Plaintiff's Complaint Fails to State a Claim Upon Which Relief can be Granted; the Complaint Should be Dismissed under Rule 12(b)(6)</u>.**

**1. Plaintiff's claims against defendant Nautilus Insurance Group d/b/a Great Divide Insurance Company constitute a "direct action" against an insurance provider for the alleged tortious acts of its insured, which "direct action" is not authorized by Alaska law.**

The law in Alaska is well established that there is no direct cause of action against an alleged tortfeasor's insurer in the absence of a statute authorizing such an action. There is no "direct action" statute in Alaska allowing plaintiff to bring the instant action against moving defendant Nautilus Insurance Group d/b/a Great Divide Insurance Company. Plaintiff's complaint, therefore, fails to state a claim for relief against moving defendant and is subject to dismissal under Rule 12(b)(6).

Law Office of Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

Alaska has never allowed a direct action against an insurance company for the tortious acts of its insured and has steadfastly refused to recognize a judicially created exception to the "no direct action" rule.

<u>Severson v. Estate of Severson</u>, 627 P.2d 649 (Alaska 1981) is the seminal case in Alaska dealing with direct actions against an insurance company for the tortious acts of its insured.  In <u>Severson</u>, the Court refused to allow a direct action by the estate of a decedent against the insurer of the decedent's wife's estate.  A husband and wife vanished on an intrastate plane flight.  The wife was the owner and operator of the small aircraft which disappeared on the flight.  The representative of the decedent husband's estate filed a wrongful death action against the wife's estate.  The representative then moved to amend the complaint to add the wife's liability insurer as a party to the action.  The trial court denied the motion and the estate appealed.

The Supreme Court in <u>Severson</u>, <u>supra</u>, held that there was no direct cause of action against the alleged tortfeasor's (the wife's) insurer because such an action was contrary to the common law and there was no Alaska statute altering the common law rule.  The Court found, as elsewhere, that the common law rule of no direct liability of an insurer prevailed in the absence of a "direct action" statute.  There is no "direct action" statute in Alaska.  Therefore, there is no direct cause of action against the tortfeasor's insurer and the insurer can not be joined as a defendant in a lawsuit arising out of the insured's tortious acts.  The Court reasoned:

> We are aware of only two states which allow a direct cause of action against a tortfeasor's insurer, Louisiana and Wisconsin.  In those states, however, such

**MOTION TO DISMISS**
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 6 of 15

actions are expressly authorized by statute. La. Rev. Stat. Ann. 22:655; Wis. Stat. 803.04(2). Elsewhere, the common law rule of no direct liability prevails. Dean Prosser explains that rule as follows:
> Since its inception, liability insurance was intended solely for the benefit and protection of the insured, which is to say the tortfeasor, it followed that the injured plaintiff, who was not a party to the contract, had at common law no direct remedy against the insurance company. Prosser on Torts, sec. 82 at 544 (4th ed. 1971).

Despite petitioner's argument, we are not persuaded that we should recognize a direct cause of action against the insurer in the case at bar. AS 01.10.010 provides: "So much of the common law not inconsistent with the Constitution of the State of Alaska or the Constitution of the United States or with any law passed by the legislature of the State of Alaska is the rule of decision in this state." As noted, the common law on this subject is clear and overwhelmingly contrary to the rule urged by petitioner. Id. at 651.

Later, the Alaska Supreme Court in Evron v. Gilo, 777 P.2d 182 (Alaska 1989) reiterated its holding in Severson, supra, and again held that there is no direct action which can be maintained against a tortfeasor's insurer.

Evron, supra, arose out of a motor vehicle accident in which the plaintiff was a passenger in a car owned by David Gilo d/b/a Delta Painting and driven by one of Gilo's employees, defendant Tova Wald. Evron sued Gilo, Gilo's employee and Gilo's insurer, Providence Washington. Providence Washington moved to dismiss the complaint arguing that Severson, supra, prohibits direct actions against insurance companies. The motion to dismiss was granted by the trial court and Evron appealed.

On appeal, Evron argued that the legislature's passage of Alaska's mandatory liability insurance law required reconsideration of Severson's holding that direct actions are not permitted by a tort victim against liability insurers. Citing several New Mexico decisions and one Oklahoma case, Evron argued that direct actions may be maintained where insurance was purchased "by force of legislative enactment," where

**MOTION TO DISMISS**
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 7 of 15

the insurance was intended to inure to the benefit of the public, and where there is nothing in the language of the statute which negates the idea of a direct action against the liability insurer. Id. at 187. The Supreme Court rejected Evron's arguments. The Court, refusing to depart from Severson's "no direct action" rule, stated:

> We can see no reason to reconsider our Severson decision....We see no reason to change our adherence to the well settled rule that no direct action may be maintained by a victim against a liability insurer merely because the legislature has changed Alaska's automobile insurance law from a system which encourages the acquisition of liability insurance to one which requires such insurance. There is no language under the mandatory act from which a reasonable inference can be drawn that a direct action was intended, and no policy reasons supporting a need to change the common law rule have been presented in the briefs before us. Id. at 187-88.

The Evron decision is significant, not only because it reaffirms the "no direct action" rule in this state, but also because it stands for the proposition that in the absence of express statutory language creating a right in a victim to directly sue a tortfeasor's insurance company, no such right exists.

There is no state law which required "Avenues to Recovery" to obtain insurance to cover the type of injuries allegedly suffered by plaintiff. There being no such mandatory insurance law, there can be no implied right to directly sue "Avenues to Recovery's" insurance provider, defendant Nautilus Insurance Group. Even if there were such a mandatory insurance requirement, Evron clearly prohibits such direct action in the absence of express statutory language granting that right to plaintiff. There is no Alaska statute giving plaintiff the right to directly sue Nautilus Insurance Group for the tortious acts of its insured, "Avenues to Recovery."

**MOTION TO DISMISS**
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 8 of 15

Law Office of Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

Most recently, in <u>Meyers v. Robertson</u>, 891 P.2d 199 (Alaska 1995), the Supreme Court implicitly recognized the continued vitality of <u>Severson</u>'s "no direct action" rule. The Court, at p. 207, cited <u>Severson</u>'s holding that "direct actions against liability insurers are not permitted in Alaska."

The United States District Court, District of Alaska, has also impliedly recognized in dicta that "Alaska does not permit a direct action against an insurance carrier ...." <u>National Chiropractic Mut. Ins. Co., v. Doe</u>, 23 F.Supp.2d 1109 (D.AK 1998).

In short, the law in Alaska is clear that a plaintiff, such as Mr. James, can not maintain a direct action against an alleged tortfeasor's liability insurance carrier. As discussed below, plaintiff has not alleged that Nautilus Insurance Group breached any duty which it may have owed to plaintiff. The only wrongful acts alleged against Nautilus are the allegedly wrongful acts of its insured, "Avenues to Recovery." Plaintiff's claims against Nautilus Insurance Group constitute a prohibited "direct action" against an insurer for the tortious acts of its insured. Plaintiff's complaint against defendant Nautilus Insurance Group d/b/a Great Divide Insurance Company must be dismissed for failure to state a claim upon which relief can be granted.

**2. Plaintiff's complaint alleges no wrongdoing of Nautilus Insurance Group in its individual corporate capacity; the complaint fails to state a claim for relief against this defendant which is not derivative of plaintiff's claims against Nautilus' insured.**

All charging allegations contained in plaintiff's complaint seek to hold Nautilus Insurance Group directly liable for its insured's alleged wrongful acts. As discussed above, Alaska's "no direct action" rule precludes plaintiff from suing this defendant for any wrongful conduct of its insured, "Avenues to Recovery." There are no allegations in plaintiff's complaint which run against Nautilus Insurance Group which charge this defendant with any breach of duty it owed plaintiff and/or wrongful conduct of its own. Since there are no allegations charging Nautilus Insurance Group with any wrongful conduct committed on its own behalf, the complaint fails to state a claim for relief against this defendant and the complaint should be dismissed.

Plaintiff's First Claim for Relief (Tortious Interference with Economic Relations) does not reference Nautilus Insurance Group and does not claim that Nautilus Insurance Group, as an individual defendant, interfered with plaintiff's employment as director of Avenues to Recovery. This claim merely states that plaintiff was coerced by Salvation Army Captain Gary Negre into resigning his position at the Avenues organization. Captain Negre allegedly made the untrue statement that plaintiff was fired "under questionable conditions." Plaintiff does not allege, nor can plaintiff in good faith allege, that Nautilus Insurance Group participated in this tortious act. Plaintiff's First Claim for Relief should be dismissed for failure to state a claim against this moving defendant.

Plaintiff's Second Claim for Relief (Intentional Infliction of Emotional, Health and Economic Damages) does not reference any wrongful act of defendant Nautilus Insurance Group. Again, it was Captain Negre who referred to plaintiff as "a criminal"

**MOTION TO DISMISS**
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 10 of 15

and made the alleged statements which allegedly caused plaintiff's emotional distress and related heath problems. While Captain Negre may have been acting on behalf of the Salvation Army and/or the "Avenues to Recovery" organization in performing the reference wrongful acts, there is no allegation that he was acting on behalf of Nautilus Insurance Group. Plaintiff does not allege, nor can plaintiff in good faith allege, that Nautilus Insurance Group participated in this tortious act. Plaintiff's Second Claim for Relief should be dismissed for failure to state a claim.

Similarly, plaintiff's Third Claim for Relief (Defamation and Libel) and Fourth Claim for Relief (Civil Conspiracy) do not reference any wrongdoing by defendant Nautilus Insurance Group. In short, each of plaintiff's claims against Nautilus Insurance Group attempt to charge Nautilus with liability for the alleged wrongful acts of its insured, "Avenues to Recovery." There are no allegations charging Nautilus with any wrongful conduct on its own behalf.

Since there are no allegations that Nautilus Insurance Group interfered with (1) plaintiff's economic relations, (2) intentionally inflicted emotional distress, etc., upon plaintiff, (3) defamed or libeled plaintiff, and/or (4) conspired with the remaining defendants to commit any wrongful act against plaintiff, each of plaintiff's claims for relief must be dismissed as against this defendant.

**3. An insurer is not answerable in tort for the acts of a dissolved corporate insured.**

Plaintiff's only apparent theory of recovery against defendant Nautilus Insurance Group d/b/a Great Divide Insurance Company is that "The Avenues to

MOTION TO DISMISS
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 11 of 15

recovery organization has merged with another organization and the non profit charter was dissolved so the Avenues organization is not expressly named in this action, so the Nautilus Insurance Group assumes responsibility for the claim against their insured." (See, Complaint, p. 4, lines 10-13).

Again, plaintiff's claims against Nautilus Insurance Group are a prohibited "direct action" against an insurer for the tortious acts of its insured (i.e. "Avenues to Recovery") and must be dismissed. There are, likewise, no allegations charging this defendant with any wrongdoing of its own and each of the claims for relief contained in the complaint must be dismissed for failure to state a claim. Plaintiff's suggestion that "Nautilus Insurance Group assumes responsibility for the claim against their insured" because the insured is either dissolved or has merged with another organization, however, merits some additional discussion.

Plaintiff's suggestion or theory that an insurer assumes the liabilities or claims against a dissolved or defunct corporate insured is not supportable by the common law, Alaska decisional or statutory authority. There is no authority known to defendant from any jurisdiction that an insurer assumes the liabilities of its insured, becomes directly liable for the wrongful conduct of its insured to a plaintiff, or otherwise stands in the shoes of its insured for litigation purposes if the insured corporation or organization is dissolved or merges with another corporation or organization.

Alaska law clearly prohibits direct actions against an insurance company for the tortious acts of its insured. This prohibition applies regardless of whether the insured is a dissolved, merged, or defunct corporation or organization. There is no Alaska

**MOTION TO DISMISS**
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 12 of 15

statute or common law authority for bringing a direct cause of action against an insurer simply because the insured no longer exists, is dissolved or has merged with another legal entity.

In <u>Carreiro v. Rhodes, Gill & Co.</u>, 68 F.3d 1443 (1st Cir. 1995), the court affirmed the grant of a motion to dismiss under Fed.R.Civ.P. 12(b)(6) having determined that state law did not permit a direct action against the insurer of a dissolved corporation.

The court in <u>Carreiro</u>, <u>supra</u>, noted that Rhode Island's General Laws, sec. 27-7-2 generally barred a plaintiff from joining an insurer as a defendant in a suit against the insured. There was, however, a statutory exception to that general "no direct action" rule "where before suit has been brought and probate proceedings have not been initiated the insured has died." The appellant argued that the corporate insured "died" when it was dissolved in 1982 and that the exception to the "no direct action" rule applied, thus, permitting him to sue the insurer directly. The appellate court rejected appellant's argument and held that the "no direct action" rule barred plaintiff from suing the insurer of the dissolved defendant. The court reasoned that:

> The Supreme Court of Rhode Island held in <u>Barber v. Canela</u>, 570 A.2d 670 (R.I. 1990) that section 27-7-2 did not enlarge the liability of the insurer beyond the limits stated in the policy. It set forth as a "general rule" that any rights of a plaintiff against the insurer are "dependent upon the existence of liability of the insurer to the insured under the contract of insurance." <u>Id.</u> at 671 (quoting George J. Couch, et al, 12A Couch Cyclopedia of Insurance Law 2d sec. 45:833 at 486 (1981). **A direct action here, where the insured cannot be sued because it is a dissolved corporation, would contravene that rule**. It would be unreasonable for us to reach that result through a tortured interpretation of the statute and without precedent under Rhode Island law. <u>Id.</u> at 1451 (emphasis added).

Plaintiff's suggestion in his complaint that "Nautilus Insurance Group assumes responsibility for the claim against their insured" because "Avenues to Recovery" is either dissolved or has merged with another organization and that plaintiff can therefore directly sue Nautilus would, likewise, contravene Alaska's "no direct action" rule. There is no common law or Alaska decisional authority which allows this direct action by plaintiff. Likewise, there is no Alaska statute which authorizes a direct action against the insurer of a dissolved or defunct insured. In the absence of case law or statute altering the "no direct action" rule plaintiff can not maintain this suit against Nautilus Insurance Group. Plaintiff's complaint must be dismissed as against this defendant.

## .IV. CONCLUSION

For the reasons stated herein, plaintiff's complaint and each claim alleged therein is an impermissible "direct action" against an insurer for the tortious acts of its insured. It is irrelevant whether the insured, Avenues to Recovery, has merged into another organization or has dissolved. No Alaska decisional authority or statute allows this direct action. There are no allegations in the complaint charging this moving defendant with any wrongful conduct of its own. Plaintiff's complaint against this moving party should be dismissed for failure to state a claim.

RESPECTFULLY SUBMITTED this 9th day of December, 2005.

LAW OFFICE OF PAUL D. STOCKLER
Attorney for Nautilus Insurance Group

By:_____
Paul D. Stockler
Alaska Bar No.: 8606032

Law Office of Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877

MOTION TO DISMISS
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 14 of 15

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served via mail to the following this 9th day of December, 2005.

E. Alexander James
PO Box 1033
Wrangell, AK 99929

*/s/ signature/*

**MOTION TO DISMISS**
*James v. Salvation Arrmy et al.*
*Case No. K05-0007 CI (JWS)*
Page 15 of 15

Law Office of Paul D. Stockler
1309 W. 16th Avenue
Anchorage, Alaska 99501
(907) 277-8564 fax (907) 272-4877