UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| ELLSWORTH ALEXANDER JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | 5:05-cv-00007 CV (JWS) |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| THE SALVATION ARMY CHURCH, | ) | [Re:   Motion at Docket 6] |
| WESTERN TERRITORIES, | ) | |
| GALLAGHER BASSET SERVICES, | ) | |
| INC., NAUTILUS INSURANCE GROUP, | ) | |
| d/b/a/ GREAT DIVIDE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants.        ) | | |
| | ) | |

## I.  MOTION PRESENTED

At docket 6, defendant Nautilus Insurance Group d/b/a Great Divide Insurance Company moves to dismiss plaintiff Ellsworth James's complaint against it for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff did not file a response to defendant's motion.

## II.  BACKGROUND

On November 10, 2005, plaintiff Ellsworth James filed a complaint against defendants Nautilus Insurance Group d/b/a/ Great Divide Insurance Company ("defendant NIG") and defendants The Salvation Army Church, Western Territories, and Gallagher Bassett Services, Inc.[1]  Plaintiff's complaint alleges claims for tortious

---

[1]Doc. 1.

interference with economic relations, "intentional infliction of emotional, health and economic damages," defamation and libel, and civil conspiracy.

Defendant NIG now moves to dismiss all of plaintiff's claims against NIG pursuant to Rule 12(b)(6).

## III.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim.  In reviewing a Rule 12(b)(6) motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[2]  The court is not required to accept every conclusion asserted in the complaint as true; rather, the court "will examine whether the conclusory allegations follow from the description of facts as alleged by the plaintiff."[3]  A claim should only be dismissed if "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[4]

## IV.  DISCUSSION

Defendant NIG argues that plaintiff's complaint fails to state a claim for relief against NIG because 1) plaintiff's complaint does not allege that NIG committed any wrongful action or breached any duty owed to plaintiff; 2) defendant NIG's liability is wholly derivative through its insured "Avenues to Recovery;" and 3) Alaska law prohibits a direct action against the insurer of an alleged tortfeasor.  In support of its argument, defendant NIG cites several cases which hold that direct actions against an alleged tortfeasor's liability insurer are not permitted under Alaska law.[5]

---

[2]*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

[3]*Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (quotation and citation omitted).

[4]*Vignolo*, 120 F.3d at 1077.

[5]*Severson v. Severson's Estate*, 627 P.2d 649, 651 (Alaska 1981); *Evron v. Gilo*, 777 P.2d 182, 187-188 (Alaska 1989); *Myers v. Robertson*, 891 P.2d 199, 204 (Alaska 1995).

Plaintiff James's failure to oppose defendant NIG's motion to dismiss "subjects the motion to summary ruling by the court."[6] Because defendant NIG's arguments have merit and plaintiff failed to oppose the motion to dismiss, the court grants defendant NIG's motion to dismiss all claims against it.

## V.  CONCLUSION

For the reasons set out above, defendant's motion at docket 6 is **GRANTED**, and all claims against defendant Nautilus Insurance Group d/b/a/ Great Divide Insurance Company are **DISMISSED**.

DATED at Anchorage, Alaska, this 23rd day of February 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6]D. AK. LR 7.1(d).