IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELLSWORTH ALEXANDER JAMES,<br><br>     Plaintiff,<br><br>v.<br><br>THE SALVATION ARMY CHURCH, et al.<br><br>                              Defendants | Case No. K05-0007 CV (JWS)<br><br>SCHEDULING AND PLANNING CONFERENCE REPORT |

1.   **Meeting.**  In accordance with F.R.Civ.P. 26(f), a meeting was held on August 14, 2006 and was attended by:

   Ellsworth Alexander James, pro se

   Jennifer M. Coughlin, attorney for The Salvation Army and Gallagher Bassett Services, Inc.

The parties recommend the following:

2.   **Pre-Discovery Disclosures.**  The information required by F.R.Civ.P. 26(a)(1):

   ___    have been exchanged by the parties.
   _X_   will be exchanged by the parties by 20 days from the date of this report.
   Proposed changes to disclosure requirements: (*Insert proposed changes, if any*)
   Preliminary witness lists

   ___    have been exchanged by the parties.
   _X_   will be exchanged by the parties by October 16, 2006.

3.   **Contested Issues of Fact and Law.**  Preliminarily, the parties expect the following issues of fact and/or law to be presented to the court at trial in this matter:

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

1) Whether Gallagher Bassett Services, Inc., as a claim adjuster, bears liability for actions alleged in the complaint?

2) What statements were made by Mr. Hegre regarding plaintiff, and were those statements actionable?

3) Is The Salvation Army Church liable for the actions of Mr. Hegre alleged in the complaint?

4) What damages, if any, has plaintiff suffered?

5) Are any parties other than those named by plaintiff responsible for the losses claimed by plaintiff?

Plaintiff also asserts that the following are contested issues of law and/or fact:

6) Is Defendant The Salvation Army liable for actions of its officers/ministerial associates/professional or administrative staff while officially assigned to a community, post, outpost, agency, organization or missionary endeavor and what coverage is in place to address such issues?

7) Is Defendant The Salvation Army different than any other national or global non profit organization in regard to liabilities for the actions of its employees, associates, professionals and laypersons carrying out mission plans, grant objectives or services projects to the general public compensated supported and administered by Defendant The Salvation Army?

4. **Discovery Plan.** The parties jointly propose to the court the following discovery plan.

A. Discovery will be needed on the following issues:

Statements made by Mr. Hegre concerning plaintiff, and the truth or falsity of those statements; the factors that led to plaintiff's ceasing to be employed by the Avenues; alleged damages; other issues to be developed over the course of discovery. Plaintiff has also indicated that he will need discovery on the following issues:

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

- Copies of all personnel and all assignment evaluations, and all training provided by the Salvation Army for Capt. Hegre.

- All complaints against Capt. Hegre during his employment or association with the Salvation Army.

- Records of all Salvation Army assignments, pre and post the assignment to Wrangell for Capt. Hegre, to include current assignment or all records regarding his separation should he be no longer employed or associated with the Salvation Army Church.

- Documentation of all compensation and support while on assignment to the Salvation Army post in the Wrangell community for Capt. Hegre and family, to include housing, transportation, special projects, travel and training.

- All records of correspondence between Capt. Hegre and his direct supervisor or personnel acting as Major in Anchorage; to include all memos, faxes, E mail and posted letters for years 2000, 2001, 2002 and 2003 and any thereafter.

- Policies and procedures for complaints against Salvation Army personnel in Alaska to include all complaints filed in the last 10 years and the end result of each complaint against personnel; at the district office in Anchorage and all agencies, outpost and centers in Alaska and the territorial headquarters in Long Beach Calif,

- Types of coverage and all policies issued by Gallagher Bassett Services Inc, for the Salvation Army church; for the Anchorage district office and territorial headquarters in Long Beach Cailf.

- Policies and procedures for general conduct, post management and community relations for all Salvation Army officers, Officers in training or ministerial/professional/administrative staff assigned to national and international communities, post, outpost or missionary objectives.

- Policies and procedures regarding misappropriation or abuse of property, assets and resources of the Salvation Army Church by officers, officers in training or ministerial/professional/administrative staff assigned to national and international communities.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

The above list consists of areas which the parties currently intend to explore in discovery. By listing the above areas, neither party is waiving its right to object to discovery on any grounds, including but not limited to relevancy.

    B. All discovery commenced in time to be completed by May 15, 2007 ("discovery close date").

    C. Limitations on Discovery.

    1.    Interrogatories

  __X_ No change from F.R.Civ.P. 33(a)

  _____ Maximum of ___ by each party to any other party.

Responses due in _____ days.

    2.    Requests for Admissions.

  __X_ No change from F.R.Civ.P. 36(a)

  _____ Maximum of ___ by each party to any other party.

Responses due in _____ days.

    3.    Depositions.

  __X_ No change from F.R.Civ.P. 36(a), (d).

  _____ Maximum of ___ by each party to any other party.

Depositions not to exceed _____ hours unless agreed to by all parties.

    D.    Reports from retained experts.

  __X_ Not later than 90 days before the close of discovery subject to F.R.Civ.P 26(a)(2)(C).

  _____ Reports due:

From plaintiff (insert dated)        From defendant (insert date)

    E. Supplementation of disclosures and discovery responses are to be made:

  _____ Periodically at 60-day intervals from the entry of scheduling and planning order.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

__X_ As new information is acquired, but not later than 60 days before the close of discovery.

F. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, will be due:

__X_ 45 days prior to the close of discovery.

_____ Not later than (insert date)

5. **Pretrial Motions.**

__X_ No change from D.Ak.LR 16.1(c).

The following changes to D.Ak.LR 16.1(c). [Check and complete all that apply]

_____ Motions to amend pleadings and or add parties to be filed not later than (*insert date*)

_____ Motions under the discovery rules must be filed not later than (*insert date*).

_____ Motions in limine and dispositive motions must be filed not later than (*insert date*).

6. **Other Provisions:**

A. __X_ The parties do not request a conference with the court before the entry of the scheduling order.

_____ The parties request a scheduling conference with the court on the following issue(s):

(*Insert issues on which a conference is requested*)

B. Alternative Dispute Resolution [D.Ak.LR 16.2]

_____ This matter is not considered a candidate for court-annexed alternative dispute resolution.

__X__ The parties will file a request for alternative dispute resolution not later than May 31, 2007.

_____ Mediation            _____ Early Neutral Evaluation

    C. The parties ___ do _X_ not consent to trial before a magistrate judge.

    D. Compliance with the Disclosure Requirements of F.R.Civ.P. 7.1

    _X_ All parties have complied ___ Compliance not required by any party

7. **Trial.**

    A. The matter will be ready for trial:

        _X_ 45 days after the discovery close date.

        ___ not later than (*insert date*).

    B. This matter is expected to take __3__ days to try.

    C. Jury Demanded _X_ Yes ___ No

       Right to jury trial disputed? ___ Yes _X_ No

DATED: 8/14/06                      PRESTON GATES & ELLIS LLP

By: /s/ Jennifer M. Coughlin
   Jennifer M. Coughlin Alaska Bar No. 9306015
   420 L Street, Suite 400
   Anchorage, AK 99501
   Phone: 276-1969
   Fax: 276-1365
   coughlin@prestongates.com
Attorneys for Defendants The Salvation Army Church and Gallagher Basset Services, Inc.

DATED: August 14, 2006

By: _____
   Ellsworth Alexander James, Pro Se
   P.O. Box 1033
   Wrangell, AK 99929
   Phone: 907 874 4171
   asjames@aptalaska.net

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of August 2006, a true copy of the foregoing was delivered to:

Ellsworth Alexander James
PO Box 1033
Wrangell, AK 99929

via ☒ mail  ☐ fax  ☐ hand delivery

/s/ Jennifer M. Coughlin

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969