JENNIFER M. COUGHLIN
PRESTON GATES & ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969
Facsimile:  (907) 276-1365
coughlin@prestongates.com

Attorneys for Defendants The Salvation Army Church
and Gallagher Bassett Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELLSWORTH ALEXANDER JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>THE SALVATION ARMY CHURCH, et al.<br><br>                        Defendants | Case No. K05-0007 CV (JWS)<br><br>**MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT** |

Plaintiff Ellsworth James ("Plaintiff") has alleged in his complaint that he has been damaged by various alleged actions of Gary Hegre (an officer of the Salvation Army at the time of the alleged events in question).  Plaintiff has sued The Salvation Army and Gallagher Bassett Services, Inc. ("Gallagher Bassett"), claiming that both of them are liable for Mr. Hegre's actions.  As set out in the Affidavit of Todd Ludeman, Gallagher Bassett is simply a claims administrator for Defendant The Salvation Army's insurance company, had no connection with any of the underlying facts alleged in Plaintiff's complaint, and only learned of the allegations that Plaintiff is presently making on January 27, 2004 when it was contacted by The Salvation Army regarding Plaintiff's claims.  Gallagher Bassett

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT
*James v. The Salvation Army et al.*, K05-0007 CV (JWS)
Page 1 of 4

therefore respectfully requests that the Court dismiss all claims asserted against it in this action as a matter of law, as Alaska law does not authorize direct suits against a claims administrator for the alleged negligence of the entities whose claims they manage.

## FACTS

Plaintiff's complaint alleges claims for defamation, tortious interference with economic relations, intentional infliction of emotional, health and economic damages and civil conspiracy. See Complaint, Exhibit A to Affidavit of Todd Ludeman ("Ludeman Affidavit"). The complaint is extremely vague regarding Plaintiff's theory as to Gallagher Bassett's liability, merely alleging that Gallagher Bassett "is responsible for all claims against the Salvation Army Western Territory Headquarters and is also a defendant in this action" and that it "operates on behalf of ACE AMERICAN INSURANCE COMPANY, that among other things, provides risk management, claims management, information management, risk control consulting, medical cost containment and appraisal services." See Complaint at pp. 4-6. The rest of the allegations in Plaintiff's complaint (other than those that pertain to dismissed defendant Nautilus Insurance Company) all relate to alleged actions by Gary Hegre (a former Salvation Army officer), and Plaintiff's contention that The Salvation Army should be responsible for those alleged actions.

As set forth in the Ludeman Affidavit at ¶2, Gallagher Bassett acts as a claims administrator for The Salvation Army in certain matters. Gallagher Bassett's sole contact with this case has been through its role as an administrator for claims asserted against The Salvation Army, and Gallagher Bassett has no connection with any of the underlying facts alleged in Plaintiff's complaint. Ludeman Affidavit at ¶2. Gallagher Bassett did not learn of the allegations that Plaintiff is presently making until January 27, 2004, when it was contacted by The Salvation Army regarding Plaintiff's claims. See Ludeman Affidavit at ¶2. As set forth below, Alaska law does not direct actions against the insurers of persons or

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT
*James v. The Salvation Army et al.*, K05-0007 CV (JWS)
Page 2 of 4

entities who are alleged to be responsible for various torts.  Consequently, Gallagher Bassett respectfully requests that it be dismissed from this action.

### A.  Alaska Does Not Allow Direct Actions Against Insurers for the Actions of Their Insured.

In addition to The Salvation Army and Gallagher Bassett, Plaintiff originally sued Nautilus Insurance Group (the insurer for Plaintiff's former employer).  Nautilus Insurance Group filed a motion to dismiss on the grounds that direct actions against insurance companies were not allowed in Alaska.  See Docket No. 6.  Plaintiff did not oppose this motion, which the Court found meritorious.  Docket No. 9.  The same result should be reached with regard to Gallagher Bassett, as Plaintiff has no more grounds for a direct suit against a defendant's claims administrator than it had against a defendant's insurance company.

As set forth in *Severson v. Estate of Severson*, 627 P.2d 649, 651 (Alaska 1981), there is no direct cause of action against the insurer of a tortfeasor in Alaska (or in 47 other states).  A plaintiff's remedy under the common law (which has not been changed in Alaska) is to sue the tortfeasor directly, not to join the insurance company as a defendant in a lawsuit.  *Id. Severson* remains good law in Alaska, see *e.g. Myers v. Robertson*, 891 P.2d 199, 208 (Alaska 1995); *National Chiropractic Mut. Ins. Co., v. Doe,* 23 F.Supp.2d 1109 (D.Alaska 1998).

While Gallagher Bassett is the claims administrator for The Salvation Army's insurer (rather than the insurer itself), the same rationale must apply.  At no point in Plaintiff's fourteen page complaint does he identify any action taken by Gallagher Bassett that has violated his rights, or identify any manner in which Gallagher Bassett participated in any of the tortious acts he claims were committed by Mr. Hegre (and for which he seeks to hold The Salvation Army responsible).  Instead, Plaintiff has evidently named Gallagher Bassett simply because it responded to his claims on behalf of The Salvation Army's

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

insurance company.  No legitimate purpose is served by adding Gallagher Bassett as a defendant in this action, and Gallagher Bassett therefore asks that all claims against it be dismissed.

DATED at Anchorage, Alaska this 3rd day of November, 2006.

PRESTON GATES & ELLIS LLP

By: /s/ Jennifer M. Coughlin
Jennifer M. Coughlin Alaska Bar No. 9306015
420 L Street, Suite 400
Anchorage, AK 99501
Phone:  276-1969
Fax: 276-1365
coughlin@prestongates.com

Attorneys for Defendants Gallagher Bassett Services, Inc. and The Salvation Army Church

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of November 2006, a true copy of the foregoing was delivered to:

Ellsworth Alexander James
PO Box 1033
Wrangell, AK 99929

via ☒ mail    ☐ fax    ☐ hand delivery

/s/Jennifer M. Coughlin

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

MOTION AND MEMORANDUM FOR SUMMARY JUDGMENT
*James v. The Salvation Army et al.*, K05-0007 CV (JWS)
Page 4 of 4