UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

Ellsworth A. James
P.O. Box 1033
Wrangell, Alaska 99929
Tel: 907 874 4171

| | |
|---|---|
| Ellsworth Alexander James, | Case No.: KO5-0007-CV(3WS) |
| Plaintiff, | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL; |
| vs. | 1. Tortious Interference with Economic Relations. |
| The Salvation Army Church, Western Territories, Gallagher Bassett Services, INC. | 2. Special Harm (Intentional Infliction of Emotional, Health and economic Damages) |
| Nautilus Insurance Group /a Great Divide Insurance Company | 3. Defamation and Libel |
| | 4. Civil Conspiracy |
| Defendants. | |

COMPLAINT

Comes now Plaintiff, Ellsworth A. James, to allege against the Defendants, and each of them, as follows.

INTRODUCTORY ALLEGATIONS

In Wrangell Alaska, on or about November 14 2003 Captain Hegre a pastor and representative of the Salvation Army in Wrangell and President of the Avenues to Recovery Inc., governance board, did willfully and maliciously abuse his position and vast resources afforded him by the Global Salvation Army Church organization to purposely slander and conspire to ruin the

Summary of Pleading - 1

EXHIBIT A
PAGE 1 OF 15

Plaintiff's reputation. Salvation Army Captain Hegre did in fact purposely disperse to Avenues board members, civic community leaders, members of the Wrangell community, State officials and officials of other local and national non-profits, through internet, e mail, correspondence, community meetings, Church functions and telephone, statements he knew were false and misleading. Further he issued statements taken from closed board meeting sessions and confidential documentation belonging to plaintiff. This was done for the sole purpose of destroying the Plaintiffs reputation. The Plaintiff and his family were brought to Wrangell when he was offered the post of Executive Director of the Avenues Substance Abuse program in Wrangell. After the satisfactory completion of the six month probationary period the Plaintiff and his family purchased an older home and began renovation as Wrangell had become their permanent home. The actions of the Defendant were without warning or notice and removed all means of financial support from the Plaintiff and his family (a spouse and three children). Statements made by the Defendants representative, Salvation Army Captain Hegre, made it impossible for the Plaintiff to maintain local store credit lines until replacement income could be found, this brought about severe economic hardship. In January the Plaintiff became Director of a new non-profit Wellness program. Again Slanderous remarks made by the Salvation Army pastor made it difficult for the Plaintiff to properly represent the organization, which adversely affected the ability to receive grants, joint project collaboration, and state program recognition. The Plaintiff also received income for consultation services, but because the damage to his professional reputation, this was no longer possible and the Plaintiff could no longer count on consulting services as supplemental income. Due to the stress of

Summary of Pleading - 2

EXHIBIT A
PAGE 2 OF 15

supporting a family without adequate financial means, not being qualified for social services or health insurance, aggression and death threats from community members, and faced with the prospect of losing his home and all of the funds invested in the home, the Plaintiff has developed a regular heart arrhythmia and has regular chest pains as a direct result of the humiliation and economic hardship caused by the damage to his reputation. In late November the Plaintiff and all of his dependents stood before the 2003 holiday season without any financial means of support as a direct result the Defendants slanderous actions. No funds for heating oil, no funds for food, no funds for utilities or propane for warm water. These actions were perpetrated with malice and were a deliberate and malicious attempt to entice the Plaintiff to the leave the island. Even thought Captain Hegre was eventually removed from the Wrangell community the Salvation Army refused to even acknowledge the disastrous effects their agents slander campaign had on the Plaintiff and his family. The Plaintiff repeatedly contacted the Salvation Army Administration Office in Anchorage, The Salvation Army Western Territories Headquarters in Long Beach California, and the National Salvation Army Headquarters in Alexandria, VA to no avail. There was no response at all the first year and after continued letters and phone calls, only a cursory response from the insurance company representing the Salvation Army the following year. A claim was filed with the Nautilus Insurance Group a Defendant in the action and responsible representative for the Avenues to Recovery non-profit organization. Correspondence was exchanged for a short time but there was never a discussion of amicable resolution.

The Avenues to Recovery non-profit organization and the Salvation Army Church in Wrangell signed a Memorandum of Agreement to jointly run and manage

Avenues programs, and in doing so have an expressed and implied responsibility to their agents and employees involved in such programs in addition to full responsibility for the actions of their agents and employees representing them in rural communities. Salvation Army Captain Gary Hegre was president of the Avenues governance board, the Salvation Army is a defendant in this action. Nautilus Insurance Group is the responsible party for all claims against Avenues organization and is a Defendant in this action. Gallagher Bassett Services, Inc., is responsible for all claims against the Salvation Army Western Territory Headquarters and is also a Defendant in this action. The Avenues to recovery organization has merged with another organization and the non profit charter was dissolved so the Avenues organization is not expressly named in this action, so the Nautilus Insurance Group assumes responsibility for the claim against their insured. While the Defendants have ignored the issue the damages have increased many are now long term. The Plaintiff went from a salary of approximately 55 thousand per year to 10 thousand in annual income for 2004 and about the same for 2005. The Plaintiff's vehicle is no longer registered as he could not afford insurance or fuel to operate it. The Plaintiff entered a contract to purchase his home and as a direct result of the damage to his reputation and earning potential the Plaintiff will not be able to make his final balloon payment in January 2006. Then the Plaintiff and his family will loose the last piece of normality, the only thing they have left to loose, their home. The Plaintiff tried to work with the Defendants in order to reach an agreement suitable to all concerned but has been ignored. The Dependents are responsible for the actions or their agents and representatives and must be held accountable. The Plaintiff is left with no alternative other than legal

action. This action is brought under diversity jurisdiction against defendants for actual, compensatory and punitive damages resulting from civil conspiracy, libel and defamation, special harms and tortious interference with economic relations that seriously affect the Plaintiffs Health, quality of life, professional reputation, current and future ability to earn a living in the state of Alaska.

JURISDICTION AND VENUE

This Court's jurisdiction in invoked pursuant to 28 United States Code § 1332, this being an action arising between parties domiciled in different states with the amount in controversy in excess of $75,000.

Venue is proper in Ketchikan in that the subject matter of this action arose in this district, because the event and ommissions on which the subject claim is based occurred in this district, and all defendants are subject to personal jurisdiction in this district, because of their contacts and activities in this district.

PARTIES

Plaintiff ELLSWORTH ALEXANDER JAMES ("ALEXANDER") is and at all times herein relevant was a competent adult individual employed as a executive director of Avenues to Recovery, a non-profit corporation. Plaintiff is a United States Citizen domiciled in and working in the State of Alaska.

Defendant THE SALVATION ARMY USA WESTERN TERRITORIAL HEADQUARTERS, is and at all times herein relevant is a registered non profit organization that operates on behalf of Salvation Army national and international Headquarters in New York and London.

Defendant GALLAGHER BASSETT SERVICES, INC., is and at all times herein relevant is a registered corporation in Corona, CA that operates on behalf of

Summary of Pleading - 5

1  ACE AMERICAN INSURANCE COMPANY, that among other things, provides risk
2  management, claims management, information management, risk control
3  consulting, medical cost containment and appraisal services.
4      Defendant NAUTILUS INSURANCE COMPANY; A W.R. Berkly Corporation, INC.,
5  is at all times herein relevant is a registered corporation in Scottsdale,
6  Arizona, that among other things, provides risk management, claims
7  management, information management, risk control consulting, medical cost
8  containment and appraisal services
9      Defendants, and each of them, are at all times herein mentioned the
10 agents, servants and/or employees of one another in doing acts and omissions
11 herein complained of, and have been and are acting within the course and
12 scope of said agency and/or employment.

### FIRST CLAIM FOR RELIEF

(Tortious Interference with Economic Relations)

15     Plaintiff hereby realleges and incorporates by reference each and every
16 allegation set forth at paragraphs 1 through 25 page 1 and 1 through 25 page
17 2 as though fully set fourth herein.
18     Plaintiff Alexander James is the Managing Director of "Wrangell
19 Wellness" a 501c3 non-profit organization.  The Plaintiff was interviewed in
20 November 2002 for the position as Executive Director of the Avenues office in
21 Wrangell Alaska. The Plaintiff accepted the posting and moved his family from
22 Southern Florida to S.E. Alaska, after the 6 month probationary period the
23 Plaintiff purchased a home and considered his position at the Avenues
24 organization permanent.  The Plaintiff was coerced by Salvation Army Captain
25 Gary Hegre into resigning his position at the Avenues organization on or
   about the 14th of November of 2003.  In January of 2004 the Plaintiff assumed

Summary of Pleading - 6



EXHIBIT A
PAGE 6 OF 15

the Managing Director's position at Wrangell Wellness a newly formed 501c3 non profit charity, in Wrangell Alaska. The Plaintiff's duties at the wellness center include day to day operations of the organization, program design and development, grant writing, Community relations, developing collaborative relationships and joint programs with local and regional organizations, sourcing funding from private, state and federal organizations for wellness programs and operations. Plaintiff also provides consulting services for public, private, and governmental organizations in the areas of wellness training, cross cultural communication and arbitration.

The Salvation Army Corps in Wrangell which is under the jurisdiction of the Salvation Army Western Territories Headquarters in Long Beach California was under a [1]collaborative operations agreement with Avenues to Recovery. Salvation Army Captain Gary Hegre was a full time representative for the Salvation Army in Wrangell and the President of the Avenues to Recovery board of governance.

Defendant's representative Salvation Army Captain Gary Hegre, proceeded to contact state and local officials, community members, members of civic organizations, members of his church, members or the ministerial society of Wrangell, the Plaintiffs colleagues and counterparts in state and other local national and regional non-profit organizations conveying to all that the plaintiff was fired by said Salvation Army Captain under questionable conditions. The State of Alaska supports a population of 650 thousand which

---

[1] A "Memorandum of Agreement" was signed between the Avenues to Recovery program and the Salvation Army Church was signed on behalf of the Salvation Army, by Salvation Army Captain Gary Hegre.

Summary of Pleading - 7

is smaller than most cities in the lower 48.  This results in a professional community that has the dynamics that resemble a city more than a state.  The Defendants willful and reckless comments cast a shadow over all of the Plaintiff's financial endeavors both in the public and private sector making it impossible to earn a living and support his family.

As a direct and proximate result of the conduct of the Defendants as alleged herein above, Plaintiff has suffered general and special pecuniary and non pecuniary damages.  Defendant's actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and approximate result thereof Plaintiff suffered economic, emotional and medical  damage in a total amount to be proven at trial but which is not less that the sum of one million dollars ($1,000,000. Defendant's actions with plaintiff's economic relations were undertaken in such a willful manner as to entitle Plaintiff to an award of substantial punitive damages in an amount to be proven at trail but which is not less than one million dollars ($1,000,000).

### SECOND CLAIM FOR Relief

(Intentional Infliction of Emotional, Health and Economic Damages) Defendant's derogatory campaign against the Plaintiff escalated on November 10th 2003 when the Defendants representative Salvation Army Captain Gary Hegre contacted the Plaintiff via telephone and became hysterical when Plaintiff refused to resign.  Captain Hegre referred to the Plaintiff as a criminal and said that the Plaintiff reminded him of other criminals he worked with in the penitentiary.  On or about the 14th of November the Plaintiff resigned in an

1  effort to safeguard his reputation and ability to earn a living in the small
2  community.  This however did not halt Captain Hegres personal and
3  professional attack on the Plaintiffs reputation. Captain Hegre continued to
4  speak out to church patrons, community civic leaders, minister association,
5  state officials and other local and national non profit board members and
6  administrative officials.  Captain Hegre misrepresented information
7  pertaining to Plaintiff from closed Avenues board sessions to all above and
8  deliberately misstated facts, by stating that he had fired the Plaintiff when
9  in fact the Plaintiff had clearly resigned. This caused the Plaintiff
10 considerable emotional harm as outlined but not limited to the following.
11       The Plaintiff and family were now left without a means of financial
12 support in an economically disadvantaged island community, being continually
13 denounced by the pastor of the Salvation Army Church just before the
14 Thanksgiving and Christmas holidays. Captain Hegre refused to authorize
15 payment of severance to Plaintiff unless the Plaintiff signed a hold harmless
16 agreement.  The Plaintiff could not afford heating oil to heat his home, The
17 Plaintiff received death threats from angry community members he did not
18 know, The Plaintiff was new to the community and was remodeling his families
19 home and in the process had several local store charge accounts.  Without
20 salary or severance the Plaintiff was financially ruined.  The Plaintiff's
21 personal bank account was closed and now cannot be reopened for 7 years.  All
22 store charge accounts became delinquent and were turned in to collections.
23 The Plaintiff could not afford health insurance and because of his most
24 recent income level the Plaintiff could not qualify for public assistance.
25 The Plaintiff's spouse had a nervous breakdown and required numerous hospital
   visits and medication the Plaintiff could not afford; these amounts were also

turned over to collections. The attitudes of local parents and community members influenced by Captain Hegre slanderous statements affected the way the Plaintiffs spouse and children were treated in school and the community. The children were teased and accosted by peers and the spouse was treated with suspicion and disdain by anyone with a direct or indirect connection to the Salvation Army church.

The Plaintiff having heart disease and death due to heart disease on both paternal and maternal sides of his family had not experienced heart problems prior to this incident. Plaintiff now has a regular, irregular heart rhythm, tires easily and frequently experiences chest pain under stress. In addition to a now reduced quality of life the Plaintiff may not be able to qualify for life insurance to help support his family should something happen to him. Defendant's representative intentionally inflicted extreme emotional distress upon Plaintiff. Defendants conduct was unreasonable and outrageous and exceeds the bounds usually tolerated by society, and was done willfully, maliciously and deliberately with intent to cause Plaintiff sever mental and emotional pain, distress, and anguish and loss of enjoyment of life, or was done with reckless indifference to the likelihood that such behavior would cause such severe emotional distress and with utter disregard for the consequence of such actions.

The behavior and conduct on the part of the defendants as described above hereinabove was so extreme and outrageous as to be capable of causing Plaintiff severe mental anguish, distress, depression, and humiliation going forward for a yet unspecified amount of time.

Defendant's actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and

approximate result thereof Plaintiff suffered economic, emotional and medical damage in a total amount to be proven at trial but which is not less that the sum of one million dollars ($1,000,000. Defendant's actions with plaintiff's economic relations were undertaken in such a willful manner as to entitle Plaintiff to an award of substantial punitive damages in an amount to be proven at trail but which is not less than one million dollars ($1,000,000).

### Third Claim for Relief

(Defamation and Libel)

Plaintiff hereby realleges and incorporates by reference each and every allegation set forth in above paragraphs, as though fully set fourth herein.

Commencing on November 14th, and repeatedly thereafter Defendants published letters and made public comments to community members, state officials, local clergy, local and national non profit organizations, claiming that Plaintiff was fired from his post as executive director and misrepresented confidential personnel information in such a fashion as to impugn the professional reputation of the Plaintiff.
The accusations published and spoken to third parties by Defendants questionable character leading to termination, and engaging in the business of unlicensed counseling were false, misleading, unprivileged, and defamatory. Because the false and defamatory statements published by Defendants to impute to Plaintiffs questionable and unprofessional conduct also injured Plaintiff in his business, the statement of Defendants

constitute libel per se for which Plaintiff is presumptively entitled to recover damages without proof of same.

Defendant's actions were undertaken willfully, wantonly, maliciously and in reckless disregard for Plaintiff's rights, and as a direct and approximate result thereof Plaintiff suffered economic, emotional and medical damage in a total amount to be proven at trial but which is not less that the sum of one million dollars ($1,000,000. Defendant's actions with plaintiff's economic relations were undertaken in such a willful manner as to entitle Plaintiff to an award of substantial punitive damages in an amount to be proven at trial but which is not less than one million dollars ($1,000,000

### FOURTH CLAIM FOR RELIEF

(CIVIL CONSPIRACY)

Plaintiff incorporates by this reference all above paragraphs of the complaint as if set fourth in full herein.

On information and belief, Defendants conspired with other persons, possibly to be named as defendants in a separate action, to disperse through internet, e mail, and telephone false and misleading statements and confidential documents regarding and belonging to Plaintiff, Salvation Army Representative Captain Hegre, maliciously dispersed to outsiders and unauthorized persons false information from closed session Avenues board meetings. This was done for the sole purpose of destroying Plaintiff's reputation.

These deviant acts injured Plaintiff. As a result, professional relations have been terminated, and Plaintiff's collaborative projects have been damaged, all damaging Plaintiff.

The acts as set forth with specificity herein were all completed by Defendants and co-conspirators in furtherance of their common scheme to destroy the reputation of the plaintiff.

As a direct result of Defendants civil conspiracy, Plaintiff is entitled to an award of damages in an amount to be proven at trial, but which is no less than the sum of One Million Dollars ($1,000,000), in addition to treble damages.

## PRAYER FOR RELIEF

**WHEREFOR**, Plaintiff prays for a judgment against Defendant as follows:

1. That the court enter a judgment for the Plaintiff and against the Defendant on the first cause of action, alleging tortious interference with economic relations, in an amount to be established at trial, but which is not less than One Million Dollars ($1,000,000), plus substantial punitive damages in an amount to be proved at trial but which is not less than One Million Dollars ($1,000,000)

2. That the court enter a judgment for the Plaintiff and against the Defendant on the second cause of action, alleging Intentional Infliction of Emotional, Health and Economic Damages or Special Harms, in an amount to be established at trial, but which is not less than One Million Dollars ($1,000,000), plus substantial punitive damages in an amount to be proved at trial but which is not less than One Million Dollars ($1,000,000)

3. That the court enter a judgment for the Plaintiff and against the Defendant on the third cause of action, alleging Libel and Defamation, in an amount to be established at trial, but which is not less than One Million Dollars ($1,000,000), plus substantial punitive damages in an amount to be proved at trial but which is not less than One Million Dollars ($1,000,000)

4. That the court enter a judgment for the Plaintiff and against the Defendant on the fourth cause of action, alleging Civil Conspiracy, in an amount to be established at trial, but which is not less than One Million Dollars ($1,000,000), plus substantial punitive damages in an amount to be proved at trial but which is not less than One Million Dollars ($1,000,000)

5. For attorney consultation fee's and cost of suit herein pursuant to statue or as otherwise may be allowed by law; and,

6. For such other relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues triable by right to a jury.

Dated this 8th of November 2005

By: <u>Ellsworth A. JAMES/</u>

PLAINTIFF

Summary of Pleading - 14



EXHIBIT A
PAGE 15 OF 15