JENNIFER M. COUGHLIN
PRESTON GATES & ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1937
Telephone: (907) 276-1969
Facsimile:  (907) 276-1365
coughlin@prestongates.com

Attorneys for Defendants The Salvation Army Church
and Gallagher Bassett Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELLSWORTH ALEXANDER JAMES,<br><br>    Plaintiff,<br><br>    v.<br><br>THE SALVATION ARMY CHURCH, et al.<br><br>    Defendants | Case No. K05-0007 CV (JWS)<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Ellsworth James has not provided any affidavits in support of his claims, and does not contest the statements in the Affidavit of Todd Ludeman to the effect that 1) Defendant Gallagher Bassett Services, Inc. ("Gallagher Bassett") simply acts as a third party administrator for claims asserted against a wide variety of companies, including Defendant The Salvation Army; 2) Gallagher Bassett had no connection with the underlying facts that form the basis of Plaintiff's claims against The Salvation Army; and 3) Gallagher Bassett only learned of the existence of Plaintiff's claims when The Salvation Army passed on Plaintiff's allegations about his alleged damages.  Plaintiff also does not dispute the legal principle that a plaintiff does not have a direct right of action against his

tort-feasor's insurer.

Instead, Plaintiff explains that his claims against Gallagher Bassett are based on the theory that "[i]t is the responsibility of Gallagher Bassett Services, Inc/ACE American Insurance to take loss reports and assign a Risk Management representative, to settle or defend the loss, and make sure that claims are handled according to the Insurance Industries 'Best Practices'." Plaintiff's Reply, Docket 26, at p. 2.  Plaintiff also asserts, without citation, that Gallagher Bassett "are not merely Insurers but [are] active participants in ongoing risk management strategies, customer service and claims administration processes" and that "[s]ervices and or activities that are improperly done or that do not follow established procedure can be viewed as a dereliction of duty, and therefore share liability with the insured." Plaintiff's Reply, Docket 26, at p. 2.  Plaintiff therefore seems to be asserting that Gallagher Bassett, in its role as a third party administrator, is directly liable to him if its alleged failure to follow "established procedures" resulted in not settling his claim.  However, Plaintiff does not provide any factual support for the assertions that any such "failure" occurred in the instant case.

More importantly, as the Court held in *O.K. Lumber Co., Inc. v. Providence Washington Ins. Co.*, 759 P.2d 523, 525-526 (Alaska 1988), there is no legally recognizable claim for "failure to settle":

> Several courts in other jurisdictions have refused to permit a third party claimant to sue for breach of the duty of good faith and fair dealing.  For example, in *Auclair v. Nationwide Mutual Insurance Co.*, 505 A.2d 431, 431 (R.I.1986) (per curiam) (citation omitted), the court ruled that the duty of good faith and fair dealing benefits only the insured and does not give rise to a cause of action in favor of a third party claimant:
>
> > *The granting of summary judgment was correct, since there is no duty on the part of an insurance carrier for a third party to settle promptly with a claimant.* The relationship between the claimant and an insurance carrier for a third party alleged to be liable is an

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
*James v. The Salvation Army et al.*, K05-0007 CV (JWS)
Page 2 of 4

>   adversary relationship giving rise to no fiduciary obligation on the part of such insurance carrier to the claimant. Any obligation to deal with settlement offers in good faith runs only to the insured.
>
>   *Accord Murphy v. Allstate Ins. Co.*, 17 Cal.3d 937, 132 Cal.Rptr. 424, 426-29, 553 P.2d 584, 586-89 (Cal.1976);  *Scroggins v. Allstate Ins. Co.*, 74 Ill.App.3d 1027, 30 Ill.Dec. 682, 684-85, 393 N.E.2d 718, 720-21 (1979); *Kranzush*, 307 N.W.2d at 259-65.
>
>   We agree with these authorities. *While liability insurance is intended to benefit one who is injured under circumstances giving rise to liability, it does not follow that the contractual duties owed by the insurer to the insured can be equated with the obligations owed to the injured claimant.* An insurer could hardly have a fiduciary relationship both with the insured and a claimant because the interests of the two are often conflicting.

(Emphasis added). In light of *O.K. Lumber,* Gallagher Bassett cannot be sued for "failing" to achieve a settlement of Plaintiff's claims against The Salvation Army. Consequently, Plaintiff has no claims against this defendant.

Under Alaska law, a plaintiff's remedy is to sue the alleged tortfeasor directly, not to join the insurance company as a defendant in a lawsuit, or to blame the risk management company that did not send him a check once his claim was submitted. Defendant Gallagher Bassett therefore respectfully requests that all claims against it be dismissed, as Plaintiff has not identified any valid claims against it.

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
*James v. The Salvation Army et al.*, K05-0007 CV (JWS)
Page 3 of 4

DATED at Anchorage, Alaska this 7th day of December, 2006.

PRESTON GATES & ELLIS LLP

By: /s/ Jennifer M. Coughlin
Jennifer M. Coughlin  Alaska Bar No. 9306015
420 L Street, Suite 400
Anchorage, AK 99501
Phone: 276-1969
Fax: 276-1365
coughlin@prestongates.com

Attorneys for Defendants Gallagher Bassett Services, Inc. and The Salvation Army Church

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December 2006, a true copy of the foregoing was delivered to:

Ellsworth Alexander James
PO Box 1033
Wrangell, AK 99929

via ☒ mail   ☐ fax   ☐ hand delivery

/s/Jennifer M. Coughlin

PRESTON GATES & ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1937
TELEPHONE: (907) 276-1969

REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
*James v. The Salvation Army et al.*, K05-0007 CV (JWS)
Page 4 of 4