**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | | |
|---|---|---|
| ELLSWORTH ALEXANDER JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | 5:05-cv-00007 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| THE SALVATION ARMY CHURCH, | ) | [Re:   Motion at Docket 24] |
| WESTERN TERRITORIES, and | ) | |
| GALLAGHER BASSET SERVICES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 24, defendant Gallagher Bassett Services, Inc. ("Gallagher") moves for an order of summary judgment dismissing all of plaintiff's claims against Gallagher pursuant to Federal Rule of Civil Procedure 56.  At docket 26, plaintiff Ellsworth James responds to the motion.  Defendant replies at docket 28.  Oral argument was not requested and it would not assist the court.

## II.  BACKGROUND

On November 10, 2005, plaintiff Ellsworth James filed a complaint against defendants The Salvation Army Church, Western Territories, Gallagher Bassett

Services, Inc., and Nautilus Insurance Group d/b/a/ Great Divide Insurance Company ("NIG").[1]  Plaintiff's complaint alleges claims for tortious interference with economic relations, "intentional infliction of emotional, health and economic damages," defamation, libel, and civil conspiracy against all defendants.

By order dated February 23, 2006,[2] the court granted defendant NIG's motion to dismiss all of plaintiff's claims against NIG pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Alaska law prohibits a direct action against the insurer of an alleged tortfeasor.  On November 3, 2006, defendant Gallagher filed the underlying motion for summary judgment.[3]  Gallagher's motion is now ripe for decision.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law.  The moving party has the burden to show that material facts are not genuinely disputed.[4]  To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving party's claim, but need not produce evidence negating that claim.[5]  Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue of fact exists by presenting evidence indicating that certain facts are disputed so that a fact-finder must

---

[1]Doc. 1.

[2]Doc. 9.

[3]Doc. 24.

[4]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[5]*Id.* at 325.

resolve the dispute at trial.[6]  The court views this evidence in the light most favorable to

the nonmoving party and draws all justifiable inferences from it in favor of the

nonmoving party.[7]

## IV.  DISCUSSION

Defendant Gallagher requests the court to "dismiss all claims asserted against it

in this action as a matter of law, as Alaska law does not authorize direct suits against a

claims administrator for the alleged negligence of the entities whose claims they

manage."[8]  In support of its motion, defendant Gallagher cites several cases which hold

that direct actions against an alleged tortfeasor's liability insurer are not permitted under

Alaska law.[9]  Noting that all claims against NIG were dismissed on the above grounds,

defendant Gallagher argues that the "same result should be reached with regard to

[Gallagher], as Plaintiff has no more grounds for a direct suit against a defendant's

claims administrator that it had against a defendant's insurance company."[10]

Plaintiff suggests that because defendant Gallagher "is the risk management arm

for the insured Salvation Army," Gallagher is an active participant in the insured's

---

[6]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

[7]*Id.* at 255; *Soldano v. United States*, 453 F.3d 1140, 1143 (9th Cir. 2006) (citation omitted).

[8]Doc. 24 at 2.

[9]*Severson v. Severson's Estate*, 627 P.2d 649, 651 (Alaska 1981); *Myers v. Robertson*, 891 P.2d 199, 208 (Alaska 1995); *National Chiropractic Mut. Ins. Co. v. Doe*, 23 F.Supp.2s 1109 (D. Alaska 1998).

[10]Doc. 24 at 3.

business practices and "therefore share[s] liability with the insured."[11]  Plaintiff does not

cite, nor is the court aware of, any authority in support of the proposition that a claims

administrator is liable for the alleged negligence of an entity whose claims it manages.

Plaintiff also does not provide any evidence to support his contention that Gallagher

was an active participant in defendant Salvation Army's business practices.  To the

contrary, plaintiff's complaint alleges only that defendant Gallagher "operates on behalf

of Ace American Insurance Company, that among other things, provides risk

management, claims management, information management, risk control consulting,

medical cost containment and appraisal services."[12]  Moreover, the undisputed evidence

shows that Gallagher's "sole contact with the instant case has been through its role as a

third party administrator for the Salvation Army."[13]

Because defendant Gallagher has demonstrated that it is entitled to judgment as

a matter of law and plaintiff has failed to demonstrate that a genuine issue of material

fact exists, the court will grant defendant Gallagher's motion for summary judgment.

### V.  CONCLUSION

For the reasons set out above, defendant's motion for summary judgment at

docket 24 is **GRANTED**, and all claims against defendant Gallagher Bassett Services

Inc. are **DISMISSED**.

---

[11]Doc. 26 at 2-3.

[12]Doc. 25, exh. A at 5-6.

[13]Doc. 25 at 1-2.

DATED at Anchorage, Alaska, this 9th day of February 2007.


                                        /s/

                                JOHN W. SEDWICK
                   UNITED STATES DISTRICT JUDGE