```
1  Ellsworth A. James
   PRO SE
2  P.O. Box 1033
   Wrangell, AK 99929
3
```

RECEIVED
MAR 0 1 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

ELLSWORTH A. JAMES,

      Plaintiff,

vs.

THE SALVATION ARMY CHURCH, et al.

      Defendants

CASE No.: K05-0007 CV (JWS)

PLAINTIFF'S REPLY IN MEMORANDUM IN ANSWER TO MOTION FOR SUMMARY JUDGEMENT.

[Re: Motion at Docket 24]

---

Counsel for defendant, moved for an order of summary judgement dismissing all of claims against defendant Gallagher Bassett Services, Inc., pursuant to Federal Rule of Civil procedure 56.

## BACKGROUND

On November 10, 2005 I the plaintiff Ellsworth James filed a complaint against defendants the Salvation Army Church, Western Territories, Gallagher Bassett Services, Inc., and Nautilus Insurance Group d/b/a Great Divide Insurance Company ("NIG")[1] My complaint alleged tortious interference with economic relations, "intentional infliction of emotional, health, economic damages", Libel and Civil conspiracy.

---

[1] Doc. 1.

[Summary of pleading] - 1

### III. STANDARD OR REVIEW

Federal rule of Civil Procedure 56(c) provides that summary judgement should be be granted when there is no genuine issue as to any material fact and when the moving party is entitled to judgment as a matter of law. The moving party has the burden to show that material facts are not genuinely disputed. To meet this burden, the moving party must point out the lack of evidence supporting the nonmoving claim[2]. Once the moving party meets its burden, the nonmoving party must demonstrate that a genuine issue of fact exists by presenting evidence indicating that certain facts are disputed so that a fact-finder must resolve the dispute at trial. The court views this evidence in the light most favorable to the nonmoving party and draws all justifiable inferences from it in favor of the nonmoving party.

### IV. DISCUSSION

(1.) As aforementioned in **PLAINTIFF'S Reply TO MOTION FOR SUMMARY JUDGEMENT 3-7;** Due to circumstances beyond my control I was not available to respond to the motion to dismiss filed by Nautilus Insurance Group in the time allotted. Citing a default judgement for is a mute point in the current motion and therefore has no bearing.

(2). Plaintiff submits into evidence Exhibit's 1, 2 and 3. correspondence from defendants, the Salvation Army USA Western Territorial Headquarters and Gallagher Bassett Services, Inc. This correspondence indicates that all responsibility for said claims against the Salvation Army USA Western Territorial Headquarters was deferred to their designated

---

[2] Submission into evidence Exhibit: 1

[**Summary of pleading**] - 2

1  agents, assigns or claims representatives, Gallagher Bassett Services,
2  Inc.  Gallagher Bassett Services, Inc., initiated but never completed
3  the investigation; No statement was ever made to plaintiff that the
4  investigation had been completed and a decision with explanation rendered,
5  choosing instead a form of indefinite limbo.
6  (3). Again as aforementioned in **PLAINTIFF'S Reply TO MOTION FOR SUMMARY**
7  **JUDGEMENT 2-5, cases cited bear questionable relevance to this case.** As
8  an assign or designated representative of the defendant Salvation Army USA
9  Western Territorial Headquarters, Gallagher Bassett Services, Inc., should
10 be held accountable for trying to reduce financial exposure to the claim
11 against their client. A claim for damages was made to the Salvation Army
12 USA Western headquarters, the claim was deferred to the provider of risk
13 management services Gallagher Bassett Services, Inc., whom after initially
14 examining the claim did nothing. Leaving the plaintiff no choice but to
15 take legal action.

### Conclusion

17 Evidence is produced demonstrating genuine issues of fact that are
18 disputed, and must be resolved at trial.

21 I, Ellsworth Alexander James, declare under penalty of perjury, that I
   have reviewed the above reply, and that the information contained in the
22 motion is true and correct.

1

2                                              Dated this 23rd of February 2007

3                                              By: _____
4                                                  Ellsworth A. James
                                                        Plaintiff
5

6

7

8  **CERTIFICATE OF SERVICE**

9  I hereby certify that on this 23rd day of
   February 2007, a true copy of the for going
10 Was delivered to:

11 Jennifer M. Coughlin
   420 L Street, Suite 400
12 Anchorage, AK 99501

13 Attorneys for the Defendants Gallagher Bassett Services, Inc.
   And The Salvation Army Church.
14
   **Via: US Postal Service & E-Mail**
15

16

17

18

19

20

21

22

23

24

25

[**Summary of pleading**] - 4