2d    We were unable to afford heating oil for the winters of 2003 and 2004 when Wrangell experienced extended periods below 20 degrees. Because of the connection of the Salvation Army Church to the religious community of Wrangell, no church offered to help us during the holidays or at any other time during the winters of 2003 or 2004.

    2e    The Salvation Army is a Christian organization, in speaking out against me in a in a false and derogatory manner the Salvation Army church in Wrangell lead patrons of the Salvation Army church in Wrangell and other Christians or organizations and communities to believe that I was less than any other good citizen suspect in wrong doing. As a result when opening a new Wellness office

in Wrangell I received death treats on the office answering machine for several days. While attending a board meeting, as board member of the Women in Safe Homes organization I heard allegations about me spoken from other board members. These allegations came directly form the Salvation Army Church in Wrangell. These same allegations were directed to state and agencies native and non native in Juneau and Anchorage.

3. I have difficulty working as a program director and advocate because of slanderous remarks made to state officials and other agencies and Non-profits I must interact with.

4. My health has suffered. High stress levels have caused chest pain, sustained heart arrhythmias and periodic blurred vision. As a result of this sustained stress I have been diagnosed with heart failure, I have no other risk factors or history of heart disease. Chief cardiologist Dr. Zen of the VA hospital in Anchorage indicated that in the absence of other risk factors, sustained levels of stress is the more likely cause. This illness will shorten my life, prohibit any future investment in life insurance and make health insurance expensive and difficult to obtain. In addition my current health makes it impossible to financially provide for my wife and 3 children in the event of my death.

    4a.    I now take a Beta Blocker as prescribed medication and must continue to take them for the rest of my life. The side effects of these medications reduce my quality of life. These side effects are

EXHIBIT B
PAGE 6 OF 12

Drowsiness or fatigue cold hands and feet. weakness or dizziness. Dry mouth, eyes, and skin, wheezing, trouble breathing, or shortness of breath, slow heartbeat, abdominal cramps, throwing up, diarrhea, constipation, back or joint pain, skin rash, sore throat, depression, memory loss, confusion and hallucinations, impotence, trouble sleeping or vivid dreams while asleep. I must also now take an Ace Inhibitor for the rest of my life. While it is anticipated that this drug will allow me to live a normal life span, I must deal with the side effects that will reduce my quality of life. These side effects are: cough, elevated blood potassium levels, low blood pressure, dizziness, headache, drowsiness, weakness, abnormal taste (metallic or salty taste), and rash, kidney failure, allergic reactions, a decrease in white blood cells, and swelling of tissues

4b. My physical endurance is greatly reduced do to my low E/F factor compounded by the effects of the medication, now even a short lecture is exhausting. This greatly affects my ability to make a living going forward. I write community and research grants and proposals for government contracts. I train and develop training programs; I am involved in research and develop outlines and outcomes for projects. A 20 minute lecture is now exhausting and it is difficult to focus when writing papers or responding to a grant or proposal. My recent heart failure has changed my life and adversely impacted the lives of my family. This condition is related to the sustained stress and hardship caused by the actionable slander.

4c. My wife and I have a more traditional type marriage in that she has never worked outside the home. Being a stay at home mother my children have never know a day without their mother. This is no easy task, my family truly depends on me for their existence. This slanderous attack has not only cost me my ability to earn a living but it has cost my children a college education. I am no longer able to qualify for life insurance so I can not even make proper arrangements for my family should something happen to me.

5. My wife and I have 3 children and been married for 15 years, seeing her suffer has been, devastating to me, making it very difficult for me to concentrate or work at the level I had prior to this incident. My wife had a nervous breakdown at the prospect of losing our home and living on an island in a community hostile to us. We made many trips to the emergency room for migraines, chronic nausea, and pain brought on by panic, fear and anxiety. There are few services available in Wrangell and in our case there were almost none. My wife now very rarely ventures outside the house and almost never, if she is alone. This creates a hardship for me as many tasks she once

EXHIBIT B
PAGE 7 OF 12

preformed I have now undertaken. This inhibits my enjoyment of life and increases my stress level making an already difficult situation impossible.

6. While my wife and I were able to receive basic medical services regardless of our ability to pay. The local dentist refused to see any of us without insurance or payment up front. My wife in her eight month pregnancy with our now youngest son broke a tooth due to a calcium deficiency caused by the pregnancy. We went to the dentist office because she was in extreme pain, we tried to make some kind of arrangements but were denied. Eventually we were able to save enough money for an extraction, as a result my wife lost 3 teeth because we could only afford the $120.00 extraction fee even though all three could have been save with minimal dental work. Being a sole provider, having to endure this kind of humiliation exacted a tremendous toll on me physically and emotionally and I am certain that this decision was based on the influence of the Salvation Army Church in the Wrangell community.

**RESPONSE TO INTERROGATORY 7**

1)

**Loss of income**

My Executive Director salary was 55000.00 per year and I am claiming a loss on income of 47 months at 4583 per month. Damages will continue to accrue at this rate until a settlement has been reached or a judgment has been made.

$215,401.00

**Special Damages**

As a result of immediate loss of income, all local charge accounts were in default and reported to the credit bureau, the purchase contract on my home went into default and we were forced to leave our home and I could no longer afford health and dental services.

| | | |
|---|---|---|
| 1. | City Market | $10,988.21 |
| 2. | Buness Bro | $4,674.23 |
| 3. | Wrangell Medical Center | $7,000.00 |
| 4. | Moorehead D.D.S | $242.00 |
| 5 | Loss of Home | $175,000.00 |
| 6. | Kaden Building Partnership | $8,000.00 |
| 7. | Sunrise Aviation | $1670.00 |

**Total:**            $207,332.44

**2)**

Actual Cost plus administrative and litigation expenses.

**3)**

    a.    Chet Powell / Vice President & General Manager of **City Market Inc.** see special damages 1. Account defaulted as direct result to actionable slander
    b.    Oliver M. Buness / Owner **Buness Bros, Inc.** see special damages 2, Account defaulted as a direct result of actionable slander
    c.    Richard Baumfalk / Holder of the promissory note attached to **former home.** See special damages 5. Promissory note defaulted as a direct result of actionable slander.
    d.    Tyler Robinson / President **Sunrise Aviation**, see special damages 7
    e.    Stough /Kadin building partnership

**RESPONSE INTERROGATORY 8**

| **Avenues Board of Directors 2003** | **Address & Phone** |
|---|---|
| Captain Gary Hegre | unknown |
| Captain Nancy Hegre | unknown |
| Janet Strom | 3.5 mile Zimovia Hwy / 874-4138 |
| Kay Larson | 612 Etolin / 874- 3521 |
| Doug McCloskey | unknown |
| Becky Rooney | 206 McKinnon / 874-2026 |
| Rhoda Fotchman | unknown |
| Kathi Kirschner | 708 Case Avenue / 874-2805 |
| Pete Engwall | unknown |
| Linda Bjorge | 520 Evergreen / 874-4166 |



EXHIBIT B
PAGE 9 OF 12

**Avenues Board of Directors 2002**

| | |
|---|---|
| Captain Gary Hegre | unknown |
| Captain Nancy Hegre | unknown |
| Janet Strom | 3.5 mile Zimovia Hwy / 874-4138 |
| John Feller | /874 3829 |
| Lynn Feller | unknown |
| Kathi Kirschner | 708 Case Avenue / 874-2805 |
| Luella Knapp | Panhandle Tr. Ct no. 4 / 874-3273 |
| Scott McKay | unknown |
| Pete Engwall | unknown |

## RESPONSE INTERROGATORY 9

I have worked continually since leaving the Avenues organization.
January 2004 to Present
Wrangell Wellness
501c3 Non Profit
wrangellwellness.org
PO Box 771
Wrangell, AK 99929

Summer 2005
Application to Sitkans against Family Violence
Outreach Coordinator, Kake / Angoon
Turned down, reason given: over qualified
2006 to Present
James, Velox & James
Social Research
jvjresearch.com
PO Box 1033 Wrangell AK, 99929

2006 to Present
Diversity Consulting
Diversity Training & Management Strategy
diversityconsulting.us
PO Box 1033
Wrangell, AK 99929

EXHIBIT B
PAGE 10 OF 12

**RESPONSE TO INTERROGATORY 10**

Captain Hegre harassed me by telephone; during the week about the 12th through the 16th Hegre called me at home repeatedly telling me to turn in my resignation. I refused saying that I wanted to address the board first. The day of the 16 he called many times leaving harsh messages on the answering machine. He called again between 7:30 and 8:00PM, I answered and he asked about my resignation, when I refused he exploded in a verbal tirade of racial insults and said that if I did not resign he would fire me.

Captain Hegre also used social pressure to shame me in to resigning, even though all board discussions on this matter were closed it was no secret that Captain Hegre used regular community interactions of the Salvation Army Church to report his claims.

**REQUEST FOR PRODUCTION NO 1.**

Personal Returns provided

**REQUEST FOR PRODUCTION NO 2.**

Not currently Available

**REQUEST FOR PRODUCTION NO 3.**

Provided

**REQUEST FOR PRODUCTION NO 4**

Not currently available

**REQUEST FOR PRODUCTION NO 5**

During the interview by the Avenues Board of directors in December of 2002, I made it clear that I held no professional licensure of any kind and that my educational credentials would not be accredited or recognized. Application for the post was based on experience; no credentials were ever submitted when the offer of employment was made. Therefore **All** public statements, reports and correspondence to other organizations with reference to accredited credentials or lack thereof are misleading and false. Avenues board minuets will reflect this fact. Since I do not have access to these records I will be producing affidavits from board members present during the interview.

**REQUEST FOR PRODUCTION NO 6**

Provided



EXHIBIT B
PAGE 11 OF 12

**REQUEST FOR PRODUCTION NO 7**

Not Available:
Personal information form personal file was requested but never returned.

**REQUEST FOR PRODUCTION NO 8**

Provided

**REQUEST FOR PRODUCTION NO 9**

Provided

EXHIBIT B
PAGE 12 OF 12

JENNIFER M. COUGHLIN
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1971
Telephone: (907) 276-1969
Facsimile: (907) 276-1365
jennifer.coughlin@klgates.com

Attorneys for Defendants, The Salvation Army and Gallagher Basset Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| ELLSWORTH ALEXANDER JAMES,<br><br>Plaintiff,<br><br>v.<br><br>THE SALVATION ARMY CHURCH, et al.,<br><br>Defendants. | NOTICE OF TAKING RECORDS DEPOSITION OF AVENUES TO RECOVERY (DUCES TECUM)<br><br>Case No. K05-0007 (JWS) Civil |
|---|---|

PLEASE TAKE NOTICE pursuant to FRCP 30(b)(6) and FRCP 45 Defendant, The Salvation Army Church, will take the deposition of Records Custodian of Avenues to Recovery before a Notary Public or some other person qualified to take oaths, in the offices of Kirkpatrick & Lockhart Preston Gates Ellis LLP, 420 L. Street, Suite 400, Anchorage, Alaska 99501 on Monday, March 5, 2007 at 9:00 a.m., and said examination will continue from day to day until completed. You are commanded to produce:

1)   All documents relating to the employment of Ellsworth Alexander James,

NOTICE OF TAKING RECORDS DEPOSITION OF AVENUES TO RECOVERY (DUCES TECUM)
James v. The Salvation Army, et al.
Case No. K05-0007 (JWS) Civil
Page 1 of 2



EXHIBIT C
PAGE 1 OF 5

DOCKETED 19

including but not limited to his personnel file, employment application, performance evaluations, compensation and documents which relate or refer to the circumstances surrounding the termination of his employment; and

    2)    All minutes or notes of the Board of Directors of Avenues to Recovery that relate or refer to Ellsworth Alexander James.

You are invited to attend and cross-examine if you so desire.

DATED at Anchorage, Alaska this 14th day of February, 2007.

    KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By: _____
Jennifer M. Coughlin, Alaska Bar No. 9306015
Attorneys for Defendants The Salvation Army Church and Gallagher Basset Services, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of February 2007, a true copy of the foregoing was delivered to:

Ellsworth Alexander James
PO Box 1033
Wrangell, AK 99929

via ☒ mail  ☐ fax  ☐ hand delivery

By: _____

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

NOTICE OF TAKING RECORDS DEPOSITION OF AVENUES TO RECOVERY (DUCES TECUM)
James v. The Salvation Army, et al.
Case No. K05-0007 (JWS) Civil
Page 2 of 2


EXHIBIT C
PAGE 2 OF 5

≈AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ALASKA_____

| ELLSWORTH ALEXANDER JAMES, | SUBPOENA IN A CIVIL CASE |
|---|---|
| V. | |
| THE SALVATION ARMY CHURCH, ET AL., | Case Number:[1]  K05-0007 CV (JWS) |

TO: Avenues to Recovery, Records Custodian
    Box 1231
    Wrangell, AK 99929

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT "A", ATTACHED HERETO.

| PLACE  K&L Gates, LLP  420 L Street, Suite 400, Anchorage, AK 99501 | DATE AND TIME  3/5/2007 9:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Jennifer M. Coughlin*, attorney for Defendant | 2-13-2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jennifer M. Coughlin, K&L Gates, LLP
420 L Street, Suite 400, Anchorage, AK 99501; Phone: (907) 276-1969

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

EXHIBIT C
PAGE 3 OF 5

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | Avenues to Recovery | 2/14/07 Return Receipt Certified Mail |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | Cecelia Ebue | Legal Secretary TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____         _____
                    DATE                                SIGNATURE OF SERVER

                                                _____
                                                ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
  (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
  (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
  (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
  (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
    (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
    (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
    (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

EXHIBIT C
PAGE 4 OF 5

## ATTACHMENT "A"

1)     All documents relating to the employment of Ellsworth Alexander James, including but not limited to his personnel file, employment application, performance evaluations, compensation and documents which relate or refer to the circumstances surrounding the termination of his employment; and

2)     All minutes or notes of the Board of Directors of Avenues to Recovery that relate or refer to Ellsworth Alexander James.

EXHIBIT C
PAGE 5 OF 5

## Coughlin, Jennifer

**From:** Coughlin, Jennifer
**Sent:** Friday, March 09, 2007 6:06 PM
**To:** 'E. Alexander James'
**Subject:** RE: James v. The Salvation Army, et al., Case No. K05-0007 (JWS) Civil

If there's nothing in the Avenue's files that relates to performance, then I won't get anything from them, but I need a broad release to make sure that I'm getting their complete records. In terms of a limitation, I'm not intending to go back further than 1995, so would it work if we changed the language to say the following:

> All information and documents that relate or refer to James and is held by any employer who has employed James at any time since 1995, regarding James's work performance, earnings and employee benefit information (including but not limited to his complete personnel file, any applications, correspondence, evaluations and other materials relating to James' work performance or compensation).

Jennifer M. Coughlin | K&L Gates | 420 L. Street, Suite 400 | Anchorage, AK 99501
Tel: (907) 276-1969 | Fax: (907) 276-1365 | E-mail: jennifer.coughlin@klgates.com

---

**From:** E. Alexander James [mailto:asjames@aptalaska.net]
**Sent:** Friday, March 09, 2007 5:47 PM
**To:** Coughlin, Jennifer
**Subject:** RE: James v. The Salvation Army, et al., Case No. K05-0007 (JWS) Civil

Performance will have to be determined by affidavit taken from individual board members on the board when I was hired. As executive director I would have been evaluated by the board members, and since no formal evaluation took place between December 2002 and November 2003 that I was aware of, personnel records would not produce what you're looking for. The minuets taken during my interview in December 2002 would contain dialogue supporting my statements regarding credentials, but since I was not physically present I can only assume those minutes actually exist. So I will be submitting an affidavit from another board member in support of that as well.

The only issue I have with your release, is that interrogatory no. 2 ask for salary information from 1995, your release is open.
What do your really want?

**E. Alexander James**
Wrangell, AK 99929

---

**From:** Coughlin, Jennifer [mailto:Jennifer.Coughlin@klgates.com]
**Sent:** Friday, March 09, 2007 1:54 PM
**To:** E. Alexander James
**Subject:** RE: James v. The Salvation Army, et al., Case No. K05-0007 (JWS) Civil

In addition to the financial information, we're going to need all of Avenues' documentation on your substantive job performance. You're claiming that you were pressured into resigning, and that in the absence of Mr. Hegre's alleged actions, you would still be at your Avenues' job, earning $55,000 a year. Under those circumstances, we're entitled to see all documents relating to your job at Avenues (including your complete personnel file and evaluations), to allow us to assess the likelihood that you would have kept the job even if you

EXHIBIT D
PAGE 1 OF 3

hadn't resigned. You've also stated that Avenues was aware that you had no professional licenses, and that your educational credentials would not be recognized. Documents relating to your original application process will therefore be relevant, as we're entitled to see if the documents support or contradict your claims about what Avenues understood when it hired you. In light of the above, the release language that we sent is appropriate.

Jennifer M. Coughlin | K&L Gates | 420 L. Street, Suite 400 | Anchorage, AK 99501
Tel: (907) 276-1969 | Fax: (907) 276-1365 | E-mail: jennifer.coughlin@klgates.com

---

**From:** E. Alexander James [mailto:asjames@aptalaska.net]
**Sent:** Friday, March 09, 2007 1:28 PM
**To:** Coughlin, Jennifer
**Subject:** RE: James v. The Salvation Army,et al., Case No. K05-0007 (JWS) Civil

I would like adjust the wording in your release as it authorizes more information than is required. I can appreciate your wanting to have a financial history and I am willing to accommodate you within reason. In my estimation the focus of this case is 1) did actionable slander take place and 2) estimation of damages.

Damages related to an earning history would be:
        a.    Lost income, lost wages
        b.    Loss of earning capacity

The following paragraph should be modified to focus on activities within the scope of the claim, authorizing only required information.

> All information and documents that relate or refer to James and is held by any employer, past or current, regarding James's work performance, earnings and employee benefit information (including but not limited to his complete personnel file, any applications, correspondence, evaluations and other materials relating to James' work performance or compensation).

I could change the wording myself and move forward, or you can just send me another release.

Sincerely,


**E. Alexander James**
Wrangell, AK 99929

---

**From:** Coughlin, Jennifer [mailto:Jennifer.Coughlin@klgates.com]
**Sent:** Friday, March 09, 2007 10:10 AM
**To:** E. Alexander James
**Subject:** RE: James v. The Salvation Army,et al., Case No. K05-0007 (JWS) Civil

I see from your discovery responses that you have requested your personnel file from Avenues to Recovery, but have never received any documents. When we subpoenaed these records, Mitch Seaver (Avenues' attorney) indicated that Avenues would provide this material provided that it had a release from you. Accordingly, we enclose a release that would allow both of us to get a copy of this material. If you could sign this, have it notarized and email it back to me, I'll send it on to Mr. Seaver.

Jennifer M. Coughlin | K&L Gates | 420 L. Street, Suite 400 | Anchorage, AK 99501
Tel: (907) 276-1969 | Fax: (907) 276-1365 | E-mail: jennifer.coughlin@klgates.com

EXHIBIT D
PAGE 2 OF 3

**From:** E. Alexander James [mailto:asjames@aptalaska.net]
**Sent:** Friday, March 09, 2007 8:03 AM
**To:** Coughlin, Jennifer
**Subject:** James v. The Salvation Army, et al., Case No. K05-0007 (JWS) Civil

All requests for production not send via email will be included in the hardcopy sent via post.

**E. Alexander James**
Wrangell, AK 99929

This electronic message contains information from the law firm of Kirkpatrick & Lockhart Preston Gates Ellis LLP. The contents may be privileged and confidential and are for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at Jennifer.Coughlin@klgates.com.

EXHIBIT D
PAGE 3 OF 3

4/2/2007