JENNIFER M. COUGHLIN
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1971
Telephone: (907) 276-1969
Facsimile:  (907) 276-1365
jennifer.coughlin@klgates.com

Attorneys for Defendants, The Salvation Army and Gallagher Basset Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELLSWORTH ALEXANDER JAMES,<br><br>                                Plaintiff,<br><br>v.<br><br>THE SALVATION ARMY CHURCH, et al.,<br><br>                                Defendants. | Case No. 1:05-cv-0007-JWS<br><br>**DEFENDANT'S MOTION FOR EXTENSION OF DEADLINES SET FORTH IN OCTOBER 10, 2007 PRETRIAL ORDER** |

  Defendant The Salvation Army hereby requests an extension of time with regard to the variety of deadlines currently set for March 5, 2008 (*i.e.* filing of the statement of issues and statement of uncontested facts, final witness list, and exhibits), and the subsequent deadlines that assume that this matter will be tried beginning on April 30, 2007. This matter is not ready to proceed to trial at this time, as a belated production by Plaintiff of certain critical documents on February 21, 2008 will require additional discovery and is likely to result in a motion for summary judgment being filed as well.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 1 of 7

This case involves claims by Plaintiff that The Salvation Army is responsible for alleged slanderous statements made by a former Salvation Army officer to the effect 1) James had committed acts of fraud; and 2) that James had been fired from his post as Director of Avenues to Recovery as a result of these acts of fraud.  See Response to Interrogatory No. 6, Exhibit B to the Coughlin Affidavit.[1]  Mr. James seeks damages as a result of these allegedly slanderous statements, much of which are connected to the loss of Mr. James' job with the Avenues and the bills that he was unable to pay after he was no longer employed, see Response to Interrogatory No. 7

As set forth in the Affidavit of Jennifer M. Coughlin, The Salvation Army served discovery requests on Mr. James, to which he responded in March 2007.  Given the nature of Mr. James' claims, the reasons for his no longer being employed by the Avenues were critical, as was the issue of whether Mr. James had in fact made fraudulent statements.  Request for Production No. 2 required Mr. James to produce "all documents that relate or refer to your employment by the Avenues, including but not limited to any job application,

---

[1]   Mr. James did not include the text of the Interrogatory No. 6, but the text of the Interrogatory was as follows:

> INTERROGATORY NO 1.  To the extent that you claim that you have been damaged in any manner by any statements made by Gary Hegre, please describe in full detail:
>
> a)   the statement(s) made;
> b)   the date and place such statement(s) was made;
> c)   all persons who were present when such statement(s) were made (or if the statement was in writing, all persons who received a copy of such statement(s)); and
> d)   the manner in which you were damaged by each such statement(s), including but not limited to a description of any jobs, grants, or other income producing opportunities you contend were lost as a result of such statement(s).

A copy of the discovery requests as issued is attached as Exhibit A to the Coughlin Affidavit.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 2 of 7

documents from your personnel file, evaluations, compensation, and documents relating to your separation from employment at Avenues to Recovery." Mr. James responded that such documents were "Not currently Available." In a letter dated April 12, 2007 from Ms. Coughlin to Mr. James, Ms. Coughlin indicated that Mr. James should be receiving a copy of his personnel file from Avenues, Exhibit C to Coughlin Affidavit.[2] In subsequent discussions with Mr. James, he indicated that he would be willing to provide whatever Avenues sent to him. Coughlin Affidavit. In reliance on that representation, no motion to compel was filed.

On July 23, 2007, Mr. James filed a "progress report" with the court indicating that he had not received his personnel file from Mr. Seaver, Exhibit D to Coughlin Affidavit. However, the documents that Mr. James produced belatedly on February 21, 2008 include a cover letter indicating that the personnel file was mailed to Mr. James on July 10, 2007.[3] As indicated in Defendants' Response to Plaintiff's Third Request for Discovery, filed September 12, 2007, The Salvation Army noted that it was "still waiting for Mr. James to produce documents that he has agreed to produce relating to the termination of his employment." See Exhibit E to Coughlin Affidavit. After checking with Mr. Seaver again

---

[2] During this same period, The Salvation Army had attempted to get these documents by subpoenaing Avenues to Recovery. However, no one appeared for the Avenues' deposition, as the Avenues was a defunct organization by this time. Coughlin Affidavit. In subsequent discussions with Mitch Seaver (the former attorney for Avenues to Recovery), Mr. Seaver indicated his unwillingness to release a personnel file belonging to a former client to any person other than that the former employee described in the file, or with a specific release signed by that former employee. However, he stated that he was willing to provide this information directly to Mr. James and indicated that he would ask the person who still had these documents to do so. See Coughlin Affidavit.

[3] See Exhibit G to the Coughlin Affidavit. For the court's information, The Salvation Army put bates numbers on the documents that Mr. James produced on February 21, 2008.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 3 of 7

to ensure that the documents had in fact been sent, Ms. Coughlin sent another letter dated January 24, 2008 requesting that Mr. James provide the documents received from Avenues as soon as possible. See Exhibit F to Coughlin Affidavit. However, Mr. James waited until February 21, 2008 to finally produce what he claims is the personnel file received from Mr. Seavers' office.

The documents produced by Mr. James on February 21 include an unredacted version of a December 29, 2003 letter from Mr. Hegre (written in his capacity as the President of the Board of Avenues, not as a Salvation Army officer) which Mr. James had previously included in his July 23, 2007 exhibits in redacted form as the sole written document in which Mr. Hegre is alleged to have made slanderous statements. A copy of the single redacted page is attached as Exhibit H to the Coughlin Affidavit while the unredacted version of this same document that counsel received on February 21 is attached as Exhibit I.

As one can see, the material that Mr. James chose to redact in his July 2007 submission is highly relevant to Mr. James' claims, and opens up several new areas of critical discovery. The redacted information includes the following:

1) The issue of Mr. James having misrepresented his credentials was not something that Mr. Hegre had invented, but was raised by William Hogan, Director of DHSS, who had written Avenues about the discrepancies between Mr. James' resume as submitted to DHSS and the resume submitted to the Advisory Board on Alcoholism and Drug Abuse.

2) Various statements that James apparently identifies as slanderous statements by Mr. Hegre were simply Mr. Hegre's report of what the State Division of Behavioral Health had determined and are confirmed in the August 1, 2003 letter from Mr. Hogan.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 4 of 7

3) The State had written that it would withhold grant funds from Avenues until issues about the discrepancies in the education and experience claimed by Mr. James and what the State had been able to verify were resolved, and listed particular types of proof that the State would need.

4) Avenues provided what little documentation James provided to the State, which responded with a November 7 letter (which is not included in the documents Mr. James provided but which is referenced in Mr. Hegre's December 29 letter). This letter from the State apparently informed Avenues that "until further documentation is provided to verify the truth and accuracy of the information that provided the basis for Avenues determining that Dr. James was a qualified applicant and the state supporting Avenues offering Dr. James his current position, the State finds it necessary to continue to withhold grant funds from Avenues."

In the August 1, 2003 letter from Mr. Hogan that triggered the Board's investigation, Exhibit J to the Coughlin Affidavit, Mr. Hogan also indicates that Mr. James sent a 23 page fax to Karen Pearson at the State with copies of the various diplomas that he claims to hold, and details the State's inability to corroborate Mr. James' claims. In light of this belated production, significant discovery needs to occur, particularly to find out what the State discovered and to confirm that Avenues would have lost its state funding if Mr. James had not either resigned or been terminated.

In addition, the unredacted letter also states in detail other matters considered by the Board in determining that Mr. James could not continue in his employment, and references an offer to let Mr. James resign in exchange for two weeks' salary and foregoing the Avenues' rights to reimbursement of James' moving expenses. As it appears that Mr. James may have received this two weeks' severance once he resigned (and the Avenues does not appear to have exercised its right to be reimbursed), this also raises the possibility

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 5 of 7

that James has in fact released the claims for which he is now trying to sue The Salvation Army.

Finally, Mr. James' employment application with Avenues is also included in the file and the application refers to an attached resume, Exhibit K to the Coughlin Affidavit. However, the attached resume in the documents received from Mr. James is clearly not the original resume submitted with his December 2002 job application, as it references his employment with Avenues from 2002-2003, and his subsequent job as managing director of Wrangell Wellness. There are obvious questions about what the original file holds and whether we in fact have the complete file which will require additional discovery.

## Conclusion

Unfortunately, this matter is not ready to proceed to trial at this time. Significant additional discovery is required, Plaintiff has filed what appears to be a request to move the trial from Ketchikan to Anchorage in his Progress Report filed on February 4, 2008, and The Salvation Army believes that a summary judgment motion regarding all or portions of Mr. James' claims should be filed once discovery is completed in light of the materials that have just recently been produced. Accordingly, The Salvation Army requests that the deadlines in the October 10, 2007 Order for Pre-Trial Proceedings be vacated, and that trial be moved to sometime in July or August of this year.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 6 of 7

DATED at Anchorage, Alaska this 5th day of March, 2008.

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By: /s/ Jennifer M. Coughlin
 Jennifer M. Coughlin, Alaska Bar No. 9306015
Attorneys for Defendants The Salvation Army Church and Gallagher Basset Services, Inc.
420 L Street, Suite 400
Anchorage, AK 99501-1971
Telephone: (907) 276-1969
Facsimile: (907) 276-1365
jennifer.coughlin@klgates.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March 2007, a true copy of the foregoing was delivered to:

Ellsworth Alexander James
801 Karluk Street,
Anchorage, AK 99501

via ☒ mail   ☐ fax   ☐ hand delivery

By: /s/ Jennifer M. Coughlin

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 7 of 7