
# EXHIBIT C

**K&L | GATES**

Kirkpatrick & Lockhart Preston Gates Ellis LLP
420 L Street
Suite 400
Anchorage, AK 99501-1971

T 907.276.1969    www.klgates.com

April 12, 2007

Mr. E. Alexander James
PO Box 1033
Wrangell, AK 99929

Re:   Discovery responses

Dear Dr. James:

    Under the court rules, parties are supposed to try and work out their disputes over discovery before filing motions to compel. This letter outlines the issues we have with your recent responses to The Salvation Army's first set of discovery requests. I hope that we will be able to work these issues out, and that neither of us will need to be involved in any discovery motions.

    As an initial matter, while you provided an email with your responses, you have never provided a hard copy with a verification, nor have you included copies of documents that you indicated would be produced, but which were not emailed (*i.e.* tax returns, documents that relate to your attempts to find work, and documents that relate to your damages). In addition, under the rules, you are supposed to put your responses in the same document as the interrogatories, or requests for production, so that the court does not have to consult two separate documents. We have enclosed an electronic copy of the original discovery requests so that you can "cut and paste" rather than retyping. Please insert your responses, execute the verification, and mail your responses back to me at the above address.

    More substantively, we also have issues with the content of your responses. In Interrogatory No. 4, we asked if you had ever been convicted of a crime, and if so, to describe the crime of which you were convicted, the date of the conviction, the jurisdiction in which such conviction occurred, and any sentence imposed. Your response was "Be specific, the claim against the defendant is actionable slander, criminal history is irrelevant." However, in your second claim for relief, you state that Mr. Hegre "referred to the Plaintiff as a criminal and said that the Plaintiff reminded him of other criminals he worked with in the penitentiary." As you are evidently citing this statement as part of your claims, we are entitled to know whether there was any truth to the statement you alleged Mr. Hegre made. In addition, certain convictions are admissible as affecting a witness's credibility. We are therefore entitled to ask about convictions in discovery (and the court will subsequently make decisions as to whether evidence of any specific conviction will ultimately be admissible). We therefore ask that you respond to this discovery request.

Mr. E. Alexander James
April 12, 2007
Page 2

     Interrogatory No. 5 asked you to list all of your sources of income since coming to Wrangell. You do not list any income from any consulting work. However, your complaint states that you "also received income for consultation services, but because [of] the damage to his professional reputation, this was no longer possible and the Plaintiff could no longer count on consulting services as supplemental income." If you actually received consulting income while in Wrangell, you need to list that income in response to Interrogatory No. 5. If you have never received any consulting income, and Interrogatory No. 5 is accurate, then you need not do anything further in response to this interrogatory.

     Interrogatory No. 6 asked you to identify any statements made by Gary Hegre which you alleged damaged you, including the date and place these statements were made, and all presents who were present when those statements were made or who received a copy of any statements made in writing. In addition to statements made at Avenues' Board meetings in November and December, you also state that statements that you had committed acts of fraud and had been fired for those acts were made "continually at community club state and organizational board functions and meetings both in and outside of Wrangell regularly attended by the Salvation Army, from November 2003 through late spring 2004." That is not enough detail. It is not enough to say that Mr. Hegre made statements "continually"—we are entitled to know what you are claiming that Mr. Hegre said, when he said it, and to whom he said it so that we can conduct appropriate discovery. If you do not have any specific instances where these statements were allegedly made (other than in the context of the Board meetings you describe), then you need to state that you do not know of any specific instances in which such statements were made. In addition, your response claims that Mr. Hegre stated that you had "committed acts of fraud." Unless Mr. Hegre's statements were this general, we need to know precisely what you allege Mr. Hegre said (*i.e.* what particular acts of fraud he was alleging you had committed). Please supplement your answer with this additional information.

     In response to Request for Production No. 1 (which sought tax returns for you, and for any corporation, LLC or partnership in which you own an interest), you indicated that "Personal Returns provided." If don't have an interest in any corporation, LLC or partnership, then production of your personal returns is fine. However, if you have an interest in these other types of entities, we will need to see the returns for those entities.

     In response to Request for Production No. 2, you indicate that documents relating to your employment by Avenues is "not currently Available." In speaking with the attorney for the Avenues, I understand that the Avenues has or will shortly be copy of its file regarding you. Please provide a copy of the documents that Avenues sends to you as soon as possible.

     In response to Request for Production No. 4, you also indicate that documents relating to your present employment at Wrangell Wellness are "not currently available." As you are the director of this organization, it is unclear why these documents would not be available to you. Please clarify this response.

Mr. E. Alexander James
April 12, 2007
Page 3

      Request for Production No. 5 asked you to produce all documents that relate or refer to any statements made about you by Mr. Hegre which you allege are either false, misleading, or were otherwise damaging to you. Your response indicated that you had informed the Board when you were hired that you had no professional licensure and that your educational credentials would not be accredited or recognized, so that all reports and correspondence to organizations that referenced your accredited credentials (or lack thereof) were false and misleading. However, the request asked for copies of the documents at issue. If you have copies of any reports, correspondence or other documents that you believe contain defamatory statements, you need to produce those. If you do not have any documents that relate to refer to these defamatory statements, you need to state that you do not have copies of any documents that would be responsive to this request.

      Please call me to discuss these matters.

      Very truly yours,

      KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

      By *[signature]*
      Jennifer M. Coughlin