# EXHIBIT I

Peter W. G. Hegre
President of the Board
Avenues
Post Office Box 2252
Wrangell, Alaska 99929

December 29, 2003

Ellsworth Alexander James
PO Box 1033
Wrangell, AK 99929

Dear Ellsworth Alexander James:

This letter is written in response to your letter dated November 30. As you will remember, Board member Becky Rooney and I met with you on November 11, 2003, and informed you that the Board had determined there were grounds for termination of your employment as Director of Avenues. Those grounds include:

1. The State of Alaska was withholding grant funding due to your failure to demonstrate sufficient education and experience;

2. You had failed to satisfy the condition of your initial employment that you possess the education and experience set forth in your resume;

3. You had knowingly giving false information for the purpose of getting hired;

4. You had engaged in dishonest or deceitful behavior; and;

5. You had refused to follow or comply with instructions of the Board.

The reasons for that contemplated action include the following. In his letter of August 1, 2003, William Hogan, Director of the State of Alaska, Department of Health and Social Services, Division of Behavioral Health, wrote that certain discrepancies were noted between the resume you had submitted to DHSS and Avenues and the resume you submitted to the Governor's Office for appointment to the Advisory Board on Alcoholism and Drug Abuse. Upon review, the Division found it:

1. Cannot confirm advanced degrees from accredited institutions of higher learning;

2. Cannot confirm any experience related to the behavioral health field/substance abuse field;

3. Has identified conflicts between resumes submitted to the Department and the Governor's office; and

4. Has identified discrepancies between the source of your Ph.D. as presented to the American Psychological Association (Humboldt SU) and DHSS (Vernell University), with both degrees listed as being awarded in 1997.

The State wrote it would withhold grant funds from Avenues until those issues were resolved. To resolve the matter, the State requested documentation of the following regarding your qualifications:

1. Proof of graduation at a Masters/Ph.D. level from an accredited university;

2. Proof through letters from employers confirming employment in the behavioral health field and appropriate professional level and/or copies of contracts for specific employment to

Ellsworth Alexander James
December 29, 2003
Page 2

        provide behavioral health services either in the U.S. or internationally (at least two letters/contracts must be submitted); and,

   3.    Confirmation of honorable discharge from the military.

The documentation was to be provided to the State by September 2, 2003. Director Hogan further wrote:

        Funds to equal two months worth of funding for the Avenues program will be issued within the next week. No further funds will be provided to Avenues, unless the required documentation is provided for Dr. James or arrangements have been made by the Board of Directors of the Avenues for Change program for professional oversight of the program and staff by an individual with verified credentials appropriate to the position.

You subsequently provided proof of your military service, but the other required documentation was not forthcoming. In my letter to you dated September 18, 2003, I requested that you provide the documentation required by the State by October 2, 2003. On October 1, 2003, you submitted a letter to the Board together with copies of four business cards, an invoice for the purchase of computer-related items, and an excerpt from an income statement.

I submitted your letter and the enclosures to the State on October 24, 2003, and asked if that information and the information you provided directly to the State satisfied the requirements of Director Hogan's August 1 letter. In response to my inquiry, I received a letter from Karen Pearson, Acting Director, dated November 7, 2003, a copy of which is enclosed. That letter states in part:

        Therefore, until further documentation is provided to verify the truth and accuracy of the information that provided the basis for Avenues determining that Dr. James was a qualified applicant and the state supporting Avenues offering Dr. James his current position, the State finds it necessary to continue to withhold grant funds from Avenues. Please be advised, no second quarter funds for the period October 1 through December 31, 2003, or other funding, will be forthcoming until this matter is resolved.

Despite repeated requests, you did not provide the documentation requested by the State and Avenues. As you are aware, Avenues depends on State grant funds and cannot continue to operate without those funds.

You were hired based on your representations in your resume and your continued employment was conditioned upon review and verification of your education and other qualifications. Your resume states that you have a Ph.D. in Clinical Psychology.

In this regard, you submitted diplomas and transcripts from Vernell University reflecting that you had earned both a Ph.D. in 1997 and a master's degree in 1983 from that institution.

In addition to the Vernell University materials, you provided a copy of an excerpt from the Directory of the American Psychological Association, 2001 edition. The Directory entry for you refers to you having received a Ph.D. in Clinical Psychology in 1997 from "Humboldt SU". According to the American Psychological Association, that is the designation for Humboldt State University in California. However, you did not attend that university. Rather, you asserted that "Humboldt SU" is a university located in Germany.

The purported degrees from Vernell University are not proper or acceptable academic credentials. As outlined in my letter to you dated October 28, 2003, Vernell University is an online diploma mill that issues

Ellsworth Alexander James
December 29, 2003
Page 3
bogus degrees.

You have not submitted any documentation of having earned a Ph.D. from a "Humboldt" university. It is apparent from your November 10, 2003, letter that you do not have such a degree. My letter to you dated October 28, 2003, specifically required you to provide a written statement as to whether you received a Ph.D. from any university containing the name "Humboldt". You did not provide such a statement. Instead, your November 10 letter refers to "several educational opportunities ... in and around Berlin". In addition to not providing a statement whether you have received a Ph.D. from a "Humboldt" university, you have not provided any documentation of such a degree by copy of a diploma or transcripts or otherwise. As far as transcripts are concerned, the explanation set forth in your November 10 letter is no more acceptable now than when you first offered it. Your November 10 letter is also internally inconsistent. You refer to picking a university on the Internet that takes transcripts from other countries, yet you have not provided transcripts or other documentation of a Ph.D. degree from any foreign university.

In addition to the submittals concerning Vernell and Humboldt universities, you displayed a diploma in your office from the University of Maryland at College Park reflecting that you received a Ph.D. in Philosophy from that institution in May 1987. However, that university was contacted and stated it had no record of your having been a student there.

In my October 28, 2003, letter, I specifically required that you state in writing whether you have received a Ph.D. from the University of Maryland at College Park. Your November 10 letter states that the U. S. military had a contract with that university and that you attended classes in various places after hours. It is clear that you have not received a Ph.D. from the University of Maryland at College Park even though you displayed a diploma to that effect in your office.

In sum, contrary to the representations made by your resume, you have not earned a Ph.D. in Clinical Psychology or any other related area of study from any legitimate, recognized institution of higher learning.

With respect to acceptable documentation of relevant experience, you submitted the recommendation letter from A. L. McDaniels but did not submit any further documentation as requested in the letter from the State and in my letter to you dated September 18, 2003.

The misrepresentation of credentials in your resume and the documentation submitted to establish your educational qualifications constituted knowingly giving false information in order to be hired as well as dishonest or deceitful behavior. The diplomas from Vernell University created the false impression that you had earned a Ph.D. and a master's degree with honors. The Degrees R Us website reveals that these diplomas are purchased for a price. The buyer simply specifies the desired field of study for the degree and the year granted. A diploma representing that the recipient graduated cum laude can be purchased for an additional fee. At the buyer's request, the title of the purported Ph.D. dissertation will appear on the transcript, again for an additional fee.

The buyer also has the option of obtaining transcripts by selecting a cumulative grade point average and paying an additional fee. You submitted such transcripts, which have the appearance of genuine transcripts, setting forth a dissertation title, course numbers, course titles, and grades for courses you could not have taken. The reality is that the so-called university has no campus, faculty or student body. It exists only on paper and on the web.

Your submission of the excerpt from the American Psychological Association directory is another instance of dishonesty and deceit. You represented that you had earned a Ph.D. from "Humboldt SU". In fact, you have not earned a Ph.D. from any university named "Humboldt".

Your display of a diploma from the University of Maryland at College Park is a further instance of dishon-

J 010

Ellsworth Alexander James
December 29, 2003
Page 4

esty and deceit since you have not received a Ph.D. from that institution. Although you did not submit it directly as proof of your academic credentials, its display created the false impression to Avenues' clients and others that you had earned a Ph.D. from that university.

Furthermore, your response to my letter to you dated September 28, 2003, constituted a refusal to comply with the instructions of the Board. Without detailing all the ways in which you did not comply with the Board's instructions, your statement that "I will not provide further documentation or authorization than I have thus far" is tantamount to insubordination.

Notwithstanding the fact that there were sufficient grounds for your dismissal, Becky and I informed you that we were authorized to resolve the issues relating to your employment by offering you the opportunity to resign and payment of two weeks salary and foregoing Avenues' rights to reimbursement of your moving expenses. You submitted your resignation on November 13, 2003.

The severance agreement is based on the settlement offer of two weeks salary and foregoing moving expenses made by the Board through Becky Rooney and me. There is nothing further to negotiate. There is, however, the matter of the password for Avenues' computer so that client progress notes may be retrieved. All computer passwords need to be provided immediately. Further more you have in your possession other client notes that must also be return immediately.

Also, I have discovered that your accrued vacation pay was not included in your final paycheck. Enclosed please find a check for that vacation pay in the amount of $1223.87.

Finally, it is not clear to me whether you are represented by legal counsel in this matter. If that is the case, please advise me who that is, and I will have Avenues' attorney communicate with your attorney.

Sincerely,

Peter W. G. Hegre
President of the Board
Avenues

enc:   Pearson 11-07-03 letter