ELLSWORTH A. JAMES
801 Karluk Street NO. 316
Anchorage, AK 99501
Telephone: (907) 310-5785
Ellsworth@acsalaska.net
Pro Se



RECEIVED
MAR 1 1 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELLSWORTH ALEXANDER JAMES, | |
| Plaintiff, | |
| v. | Case No. K05-0007 (JWS) Civil |
| THE SALVATION ARMY CHURCH, et al., | Motion for Opposition |
| Defendants. | to Motion for Extension |

**I,** Ellsworth Alexander James, proceeding without a lawyer, file a Motion for Opposition **to Motion for Extension:**

I would like to point out that as a Plaintiff acting Pro Se, the counsel for the defendants operates at a distinct advantage having more time and resources than I. My wife is unable to work and has always looked after our children full time which left little to no resources after my reputation was ruined severely compromising my health and my ability to earn a living. It has been 5 years since this situation started and 3 years since I first filled the complaint, an extension would have no effect on the defendants but would continue to deteriorate my health and quality of life for myself, wife and children.

PLAINTFF'S REPLY TO MOTION FOR EXTENSION
*James v. The Salvation Army, et al.,* Case No. K05-0007 (JWS) Civil
Page 1 of 5

It is evident through the internal correspondence of the Salvation Army gained through discovery that the actionable conduct of the Salvation Army officer in Wrangell were known among peers, supervisors and Salvation personnel department but the organization made no effort to contact me to discuss the issue. Instead all responsibility was deferred to the provider of risk management services for the Salvation Army Western Territories, Gallagher and Bassett, who did not find it necessary to even complete their own investigation. The point to be made is that even before my initial complaint to the Salvation Army's Anchorage regional office in January 2004, the Salvation Army's officer in Wrangell erratic and questionable behavior was a known factor to his regional and territorial superiors. The adoption of a mode of minimal to no communication to my complaints is a logical mode of damage control regarding Captain Hegre's actions on behalf of his employer the Salvation Army. Defense counsel has apparently adopted a similar strategy and is now seeking to continue the process by requesting an extension to obtain additional information that can bear no material relevance in this case.

This complaint contains all required elements of defamation of character, including slander, libel and violation of the Right to Privacy. As defendants are unwilling to discuss settlement options the case should continue to trial without delay. I was the identified victim of Captain Hegre's actionable statements; Captain Hegre knew his statements were incorrect or acted with gross negligence, these statements injured my reputation and the reputation of my Wellness program, these injuries caused great financial, emotional and physical damage for me, my wife and my children.

ELLSWORTH A. JAMES
801 KARLUK STREET
NO. 316
ANCHORAGE, AK 99501
TELEPHONE: (907) 310-5785

PLAINTFF'S REPLY TO MOTION FOR EXTENSION
*James v. The Salvation Army, et al.*, Case No. K05-0007 (JWS) Civil
Page 2 of 5

### Reply to Motion for Extension

<u>Question 5. page 2 of 4</u>   On July 23, 2007 I filed a report to the court stating that I had not received my personnel file from Mr. Seaver. The personnel file was received and signed for on or about July 27th 2007. A copy of the post containing the file with delivery date is attached to this reply. Medical travel, health issues and emergency relocation from Wrangell Island caused a delay in the forwarding of requested information.

<u>Question 10 -12 page 3 of 4</u>   All Exhibits submitted in support of my case contain only material considered relevant to the complaint filed. Attached is Submitted Exhibit 10-2, a sworn affidavit from an Avenues board member John Feller, present during the interview with the Avenues board. In 2003 Alaska statute regarding the hiring of employees in rural remote grantee organizations allows the board of such grantee organizations to hire whom ever they deem qualified without interference from the State. If Captain Hegre had accurately represented the conditions under which an offer of employment was extended, as illustrated in the Avenues' board member affidavit, the events triggering investigation as shown in defendant counsel's Exhibit J. would not have occurred. Therefore all references to résumés and education alone in any conversations and or correspondence between Captain Hegre and the State of Alaska or any other entity are a misrepresentation of fact and should not be considered relevant.

ELLSWORTH A. JAMES
801 KARLUK STREET
NO. 316
ANCHORAGE, AK 99501
TELEPHONE: (907) 310-5785

PLAINTFF'S REPLY TO MOTION FOR EXTENSION
*James v. The Salvation Army, et al.*, Case No. K05-0007 (JWS) Civil
Page 3 of 5

In a Salvation Army memorandum dated November 21, 2003, attached 13-10, Captain Hegre's supervisor Major Rudd reports asking Captain Hegre if he had any knowledge of me. Quote "he immediately burst out with exclamations that he was a crook and a liar and a thief and a few more remarks as well" end quote. I will show at trial that these are the same statements that he made to other individuals and agencies in the Salvations Army network from his post as a Salvation Army officer in Wrangell AK, as late as January 2004, several months after I resigned my post with the Avenues organization. According to Captain Hegre's superiors baseless statements such as these are not out of character for him and were already a point of concern. Captain Hegre's post as a Salvation Army officer and pastor gave his statements instant validity.

ELLSWORTH A. JAMES
801 KARLUK STREET
NO. 316
ANCHORAGE, AK 99501
TELEPHONE: (907) 310-5785

PLAINTFF'S REPLY TO MOTION FOR EXTENSION
*James v. The Salvation Army, et al.*, Case No. K05-0007 (JWS) Civil
Page 4 of 5

I, Ellsworth Alexander James, declare under penalty of perjury, that I have reviewed the above motion, and that the information contained in the motion is true and correct.

DATED at Anchorage, Alaska this 10th day of March, 2008.

Dated this 10th day of March

By: *E.A. James* (signature)
Ellsworth A. James
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2007, a true copy of the for going Was delivered to:

Jennifer M. Coughlin
420 L Street, Suite 400
Anchorage, AK 99501

Attorneys for the Defendants Gallagher Bassett Services, Inc. And The Salvation Army Church.

Via: Hand Delivery

ELLSWORTH A. JAMES
801 KARLUK STREET
NO. 316
ANCHORAGE, AK 99501
TELEPHONE: (907) 310-5785

PLAINTFF'S REPLY TO MOTION FOR EXTENSION
*James v. The Salvation Army, et al.*, Case No. K05-0007 (JWS) Civil
Page 5 of 5