JENNIFER M. COUGHLIN
KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L Street, Suite 400
Anchorage, AK 99501-1971
Telephone: (907) 276-1969
Facsimile: (907) 276-1365
jennifer.coughlin@klgates.com

Attorneys for Defendants, The Salvation Army and Gallagher Basset Services, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ELLSWORTH ALEXANDER JAMES,<br><br>                  Plaintiff,<br><br>v.<br><br>THE SALVATION ARMY CHURCH, et al.,<br><br>                  Defendants. | Case No. 1:05-cv-0007-JWS<br><br>**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF DEADLINES SET FORTH IN OCTOBER 10, 2007 PRETRIAL ORDER** |

      As indicated in Defendant's Motion for Extension, this case is simply not ready to go to trial. While Plaintiff claims that any additional delay would be a hardship to him, it is a hardship he could have avoided by producing his personnel file when he came into possession of it in July 2007, rather than waiting until the end of February 2008 to produce these critical documents. As set out in the original motion, a central part of Plaintiff's claim is his allegation that former Salvation Army officer Gary Hegre wrongfully forced him to resign (and then defamed him by claiming that Plaintiff was fired and by stating that

Plaintiff had committed fraud). Plaintiff's loss of salary from his job as Executive Director of Avenues is also a major portion of his claimed damages. Discovery in this matter has been made difficult by the fact that Plaintiff's employer is a defunct organization and Mr. Hegre is no longer a Salvation Army officer. However, as indicated in the attachments to the Coughlin Affidavit that supported the original motion, the documents that Plaintiff has just produced indicate that

    1) the Avenues' funding was dependent upon proving that James had not misrepresented his qualifications in the resumes provided to the DHSS; and

    2) Plaintiff could not demonstrate that the representations contained in his resume were true;

Getting documents and testimony from State witnesses to prove the above points is highly relevant to showing that Plaintiff was not "wrongfully" deprived of his job at Avenues by virtue of any statements by Hegre, and to showing that statements allegedly made by Hegre relating to Plaintiff's resume fraud were either true, or at the very least were not made negligently (since they appear to have been largely based on information obtained from the State, the Avenues' largest funder.)

Defendant is not asking for a lengthy extension, but needs time to conduct discovery that the belatedly produced personnel file clearly indicates is required. Stacie Kraly (an assistant attorney general who would be representing Commissioner William Hogan at any deposition) has indicated that Mr. Hogan could be available for a deposition on April 2 and that Mr. Hogan has a file relating to the State's investigation into Plaintiff's credentials, and the role that this investigation played in the State's decision to withhold grant funds. This information could be critical to showing whether or not Mr. Hegre acted negligently if he stated that Plaintiff had committed fraud, as well as to determining whether Plaintiff would have been able to keep his job regardless of what Mr. Hegre is alleged to have said.

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 2 of 4

Plaintiff's Opposition justifies his July 23, 2007 report to the court denying possession of his personnel file by stating that he did not in fact receive the file until July 27, 2007. However, he has not explained why (despite having agreed to provide the file once he obtained it) he failed to produce this critical piece of evidence for the next seven months. In addition, Plaintiff's opposition attaches a copy of the envelope indicating that he had been notified on July 12 and July 17 that he had certified mail from his former employer. Under the circumstances, his claim that he had not received his personnel file at the time he filed his status report is only correct because he deliberately chose not to pick up his mail until after the filing.

Plaintiff claims that references in his resumes or in discussions with the Avenues' Board president and the State of Alaska are irrelevant, since he has produced an affidavit from a single Board member indicating that Plaintiff had informed this board member that his credentials were not "accredited." However, nothing in the personnel file documents this supposed disclaimer, and as indicated in the recently produced letter from DHSS, the State was not simply concerned with accreditation, it was concerned that Plaintiff had claimed to possess a Ph.D from two different universities (depending on which resume was used), neither of which could confirm Plaintiff's claims. The State's letter also indicates that the State was unwilling to fund Avenues as long as its agency director could not prove that he possessed appropriate qualifications, regardless of what Avenues might be willing to accept.

The matters disclosed in Plaintiff's belatedly produced personnel file are critical to a fair resolution of this matter, and The Salvation Army believes that all or significant portions of Plaintiff's claims could be decided on summary judgment if it is granted additional time to do discovery on these issues. It therefore respectfully requests that the

KIRKPATRICK & LOCKHART
PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 3 of 4

deadlines in the October 10, 2007 Order for Pre-Trial Proceedings be vacated, and that trial be moved to sometime in July or August of this year.

DATED at Anchorage, Alaska this 20th day of March, 2008.

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP

By:/s/ Jennifer M. Coughlin
    Jennifer M. Coughlin, Alaska Bar No. 9306015
Attorneys for Defendants The Salvation Army Church and Gallagher Basset Services, Inc.
    420 L Street, Suite 400
    Anchorage, AK 99501-1971
    Telephone: (907) 276-1969
    Facsimile:  (907) 276-1365
    jennifer.coughlin@klgates.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of March 2007, a true copy of the foregoing was delivered to:

Ellsworth Alexander James
801 Karluk Street,
Anchorage, AK 99501

via ☒ mail    ☐ fax    ☐ hand delivery

By:/s/ Jennifer M. Coughlin

KIRKPATRICK & LOCKHART PRESTON GATES ELLIS LLP
420 L STREET, SUITE 400
ANCHORAGE, ALASKA 99501-1971
TELEPHONE: (907) 276-1969

REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF DEADLINES
James v. The Salvation Army, et al.; Case No. 1:05-cv-0007-JWS
Page 4 of 4