MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

**ELLSWORTH ALEXANDER JAMES**     v.    **THE SALVATION ARMY CHURCH**, *et al.*

THE HONORABLE JOHN W. SEDWICK         CASE NO. **5:05-cv-00007 CV (JWS)**

PROCEEDINGS:    **ORDER FROM CHAMBERS**            Date: April 16, 2008

    Plaintiff, who appears *pro se*, commenced this litigation on November 10, 2005. Upon completion of some preliminary motion practice, the court received a report of the parties' Rule 26(f) planning meeting. (Doc. 21) In that report the parties advised that discovery would be "commenced in time to be completed by May 15, 2007." (Doc.21 at p. 4) Based on that report, the court entered an order requiring, among other things, that the parties complete discovery by May 15, 2007. (Doc 23 at p. 2).

    After the May 15 date had passed, the court issued an order requesting the parties to certify that discovery had been completed so the case could be set for trial, or alternatively, if discovery were incomplete, requesting a status conference. (Doc. 37) Neither party timely responded. Instead, plaintiff belatedly filed a "progress report" on July 23, 2007, in which he advised that he was not prepared to proceed to trial. (Doc. 38) Defendants, who are represented by counsel, completely ignored the court's order. Thereafter, plaintiff filed a paper at docket 40 which he styled his "Third Request for Discovery." Defendants filed a response at docket 41 saying they had provided all discovery due to plaintiff. Although initially tracked by the clerk as a motion, the document at docket 40 did not ask for particular relief from the court, and it was eventually terminated as a tracked item by the court. (Doc. 42)

    Hearing nothing further from the parties, a few weeks later the court set the case for jury trial to commence on April 30, 2008. (Doc. 43 and doc. 44) Thereafter, defendants filed a motion at docket 48 asking the court to permit continued discovery. The motion was opposed by plaintiff. (Doc. 49) No reply has been filed. The motion at docket 48 does not contain any explanation why the court should ignore the existing scheduling order pursuant to which discovery has long since been closed. The motion at docket 48 provides no reason why the court should not enforce the existing order pursuant to which discovery has closed. The motion at docket 48 is **DENIED**.

    At docket 53, plaintiff asks for more time to respond to objections to exhibits filed by defendants. The motion is perfunctory at best. It really contains no excuse why plaintiff has not prepared adequately. The motion at docket 53 is also **DENIED**.

      This case is set for a final pre-trial conference and trial in Ketchikan on April 30, 2008.  The court filed an extensive pre-trial order at docket 44 which sets out a number of obligations which the parties were to meet so that the case could proceed to trial in an orderly fashion on that date.  Neither party has made any effort discernible on the docket to comply with the order.  No joint statement of issues, and no statement of uncontested facts has been filed, even though they were due on March 5, 2008.  Furthermore,  neither party has filed a witness list.  The witness lists were due on March 5, 2008.  The order explicitly states that only persons listed on that final witness list will be permitted to testify at trial.  Because neither party has filed a witness list, no witness would be permitted to testify at trial.  Given that both parties have utterly ignored the court's orders, the date for the final pre-trial conference and trial by jury in this case are **VACATED**, and **IT IS FURTHER ORDERED** that on or before April 28, 2008, the parties shall show cause why this case should not be dismissed without prejudice for failure to comply with the court's orders.

      _____