ELLSWORTH A. JAMES
801 Karluk Street No. 316
Anchorage, AK 99501
Telephone: (907) 258-2532
Pro Se



RECEIVED
APR 28 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| ELLSWORTH ALEXANDER JAMES, | |
|---|---|
| Plaintiff, | |
| v. | Case No. K05-0007 (JWS) Civil |
| THE SALVATION ARMY CHURCH, et al., | Reply motion to chamber Order |
| Defendants. | |

**PLAINTIFF'S Reply Motion to Chamber Order**

Ellsworth A. James, acting Pro Se, submits a reply motion to Chamber order.

In reply to the order from Judges Chambers dated April 16th, 2008, I would first like to submit mitigation conditions that have a bearing on my ability to meet scheduled obligations.

1. From the beginning of litigation November 10th 2005 until January 20th 2008 I lived on rural remote Wrangell Island in southeast Alaska. Litigating Pro Se requires resources like hourly or unbundled attorney services, paralegal services to help with

form and procedure, legal libraries for information precedent and practice, regular and timely mail service with which to receive and send information. I had access to none of these things and my rural remote location placed me at a distinct disadvantage.

2. Social conflict and ambient racism greatly exacerbated by elements of this case nullified earning potential in my field and made earning wages otherwise almost impossible. As a result we went through two winters without heat of any kind and often ran out of food before the end of the month. Although I continued to direct the wellness center and its social and educational programs, the high cost of fuel oil, gas and food imposed a constant pressure that interfered with day to day business.

3. Arriving in Wrangell in above average health and remaining so through out the first year in residence there gave way to health problems and heart failure facilitated in no small part by the extreme stress, social and financial hardship brought about by elements of this case. Medication I now take daily ensures a steady heart rate but severely limits any physical activity inhibiting my ability to perform any task for a prolonged period. This has not only shorten my life expectancy, but has irrevocably changed the lives of my wife and three children, as I no longer qualify for life insurance and the education of my children is in jeopardy. Knowing that this did not have to happen creates in me strong emotional feelings every time I deal with this case.

ELLSWORTH A. JAMES
801 KARLUK NO. 316
ALASKA 99501
TELEPHONE: (907) 258-2532

4. Finally leaving everything behind and moving to Anchorage in January 2008 with only the most bare necessities inhibits the ability to respond to day to day business in lieu of seeking adequate housing and basic furnishings while acclimating a shell shocked wife and children to a new city.

### Reply motion to chamber Order

None of these issues are meant to act as excuses for not adhering to a pre-defined schedule but do illustrate the work environment I must endure to accomplish the same tasks as the defense, the playing field is not level and that is a mitigating factor that begs notice.

Discovery:   Request for information from the Salvation Army and Gallagher and Bassett was requested. Partial information from the Salvation Army was delivered and all information from Gallagher and Bassett was ignored. Several requests were made as and continue to be made as noted by document at docket 40. I must submit that at this time I had no idea that the case against Gallagher had been dismissed by Order dated 02/12/2007, and no real understanding of why. The document at docket 40 being tracked as a motion was denied as moot on 09/17/2007, the Order from Chambers states that the document at docket 40 was terminated, I must submit that I can not ascertain the difference between denied as moot and terminated or if there is any difference at all. I am only aware of this now because I have access to the docket report terminal available to private citizens on the second floor of the Federal courthouse.

ELLSWORTH A. JAMES
801 KARLUK NO. 316
ALASKA 99501
TELEPHONE: (907) 258-2532

Pre-trial order at docket 44: Joint statements of issues would be difficult to complete as defense council very rarely and most often did not return E mail or phone while I was on the island, perhaps now that I am in the same city communications will improve. After moving to Anchorage January 22, I submitted a change of address and pursuant to Criteria for proper venue and title 28 U.S. code § 1404. I requested a change of venue. I assumed that a change of venue would vacate the current court date and alter the current timeline. So I was waiting for conformation on this request, and hoping to finally have an opportunity to have any kind of dialogue with the defense council. It was only after becoming aware of the current Order from Chambers that I contacted the clerk of courts to find that my motions had not been acted upon because they were not properly submitted. The motion at docket 53 was in response to defense counsels objections to exhibits, the motion was filed in order to research objections and formulate an appropriate response. Having limited resources this process would take me longer file the appropriate response.

Witness List: On this matter please excuse my confusion, my witness list was submitted 05/01/2007 and it was entered on 05/02/2007. I was not aware of a second or additional witness list that should have been submitted or that there was an issue with the witness list I submitted on 05/01/2007, for these reasons no additional witness list was submitted on March 5, 2008.

ELLSWORTH A. JAMES
801 KARLUK NO. 316
ALASKA 99501
TELEPHONE: (907) 258-2532

I have presented a prima facie case; I have submitted exhibits, a list of witnesses and except for a change of venue I believe that I am ready to go to trial. In the face of insurmountable odds, racism, economic, emotional and physical hardship I have done my best to exercise my right to have my day in court. I am not an attorney and am alien to things one must do to proceed in these matters, and have not willingly disrespected the court or its processes. The defense council has yet to build a defense or address directly the complaints of libel and slander.

Living in Anchorage I have access to some legal aid, the ability to work and a community that may be willing to help fund proper legal council.

I pray and request, that mitigating circumstances will be considered in your final decision. As of today I have not received notice regarding my motion for chance of venue.

Respectfully Submitted,

DATED at Anchorage, Alaska this 28th day of April 2008.

ELLSWORTH A. JAMES
801 KARLUK NO. 316
ALASKA 99501
TELEPHONE: (907) 258-2532

Dated this 28th day of April

By: *[signature]*
Ellsworth A. James
Plaintiff

CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April 2008, a true copy of the for going
Was delivered to:

Jennifer M. Coughlin
420 L Street, Suite 400
Anchorage, AK 99501

Attorneys for the Defendant
Salvation Army Church.

Via: Hand delivery & E-Mail

ELLSWORTH A. JAMES
801 KARLUK NO. 316
ALASKA 99501
TELEPHONE: (907) 258-2532

*James v. The Salvation Army, et al.*, Case No. K05-0007 (JWS) Civil
Page 6 of 6